

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-21-2007

# Cespedes v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 06-1550

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Cespedes v. Atty Gen USA" (2007). *2007 Decisions.* Paper 497.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/497

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1550

_____


CRISTIAN CESPEDES-AQUINO
<u>Petitioner</u>

vs.

ATTORNEY GENERAL OF THE UNITED STATES,
<u>Respondent</u>

_____

ON PETITION FOR REVIEW OF AN ORDER DATED
BY THE BOARD OF IMMIGRATION APPEALS
(BIA No. A36-816-374)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2007
Before:  SLOVITER, WEIS and ROTH, <u>Circuit</u> <u>Judges</u>
(Filed   August 21, 2007)

_____


Sandra L. Greene, Esquire
50 Mount Zion Road
York, PA  17402
<u>Attorney for Petitioner</u>

Peter D. Keisler, Esquire
Assistant Attorney General
Civil Division

James E. Grimes, Esquire

1

Senior Litigation Counsel

William C. Minick, Esquire

United States Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C.   20044

<u>Attorneys for Respondent</u>

_____

<u>OPINION</u>

_____

WEIS, <u>Circuit Judge</u>.

Under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c), the Attorney General had discretion to provide leniency to certain permanent legal residents charged with deportable offenses. One treatise writer has described that section as one of the most "complex and frequently litigated sections of the immigration law."  6 Charles Gordon et al., <u>Immigration Law and Procedure</u> § 74.04[2] (rev. ed. 2006).  Even though Congress repealed the provision in 1996, courts continue to confront lingering legal issues, especially with respect to the retroactive effect of the repeal.

Petitioner in the case before us contends that he is entitled to apply for relief under the provision even though he was convicted of criminal offenses years after section 212(c) was repealed.  <u>See</u> § 304(b) of the Illegal Immigration Reform and Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, Div. C., 110 stat. 3009-546 (effective

April 1, 1997).   We do not agree and will deny review.

Petitioner is a citizen of the Dominican Republic who was admitted to the United States as a permanent resident in 1979.  In November 1989, he pleaded guilty in a New York state court to the felony of attempted criminal sale of a controlled substance. He was sentenced to a five-year term of probation.

On July 20, 1990, petitioner was once again indicted in a New York state court for the criminal sale of a controlled substance.  The state offered him a plea agreement of two to four years imprisonment on June 6, 1990, but he refused to accept it.

After petitioner failed to appear for his criminal proceedings, a bench warrant was issued for his arrest on October 11, 1990.  He was returned on the warrant on December 13, 1995.  He absconded again and a second bench warrant was issued on January 22, 1996.  He was not returned on that warrant until June 2003.

On January 5, 2004, petitioner pleaded guilty in the state court to the felony of sale of a controlled substance in violation of New York Penal Law section 220.34.  He was sentenced to a term of three and a half to seven years incarceration.

In 2003, the Department of Homeland Security issued a Notice to Appear on the basis of the petitioner's first conviction and later amended the charges to include the second offense.  At a hearing before an IJ on April 14, 2005, petitioner argued that his second conviction, which is an aggravated felony under INA section 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), did not make him ineligible to apply for consideration under

3

section 212(c) because he rejected a plea agreement before the repeal at a time when he would have been eligible for relief.

The IJ and BIA both held that the repeal did not have an impermissible retroactive effect because petitioner was not entitled to rely on the availability of section 212(c). He had absented himself from the New York criminal proceedings for some 13 years and did not plead guilty until well after the repeal of that section. Petitioner appeals that determination.

Briefly stated, before 1996, the Attorney General had broad discretion under section 212(c) to grant qualified permanent legal residents relief from deportation under certain circumstances. The history of that provision and its evolution are set out in some detail in INS v. St. Cyr, 533 U.S. 289 (2001), and need not be reiterated here. Effective April 1, 1997, section 304(b) of IIRIRA repealed section 212(c) in its entirety. Much of the current litigation has been concerned with how that development affects aliens who accepted or rejected a plea offer for, or were convicted of, criminal acts that are grounds for deportation.

In St. Cyr, the Supreme Court addressed the retroactivity issue as it affected an alien who pleaded guilty before the effective date of the repeal at a time when he was eligible for section 212(c) relief, but was not placed into deportation procedures until after the repeal. St. Cyr, 533 U.S. at 293. The Court concluded that Congress had not unmistakably intended the repeal to operate retroactively and that it had an impermissible

4

retroactive effect as applied to a person in St. Cyr's circumstances.  Id. at 320-26.

The Court observed that aliens who pleaded guilty likely relied on the availability of section 212(c) relief in deciding to forego their right to a trial.  Id. at 325. The Court held, therefore, "that § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding their convictions, would have been eligible for section 212(c) relief at the time of the plea under the law then in effect."[1]  Id. at 326.

The next year Perez v. Elwood, 294 F.3d 552 (3d Cir. 2002), presented us with another variation on retroactivity.  Perez was found guilty by a jury in January 1997 of criminal conduct that had occurred in 1992 and was sentenced in June 1997.  Id. at 555.  Relying on an *ex post facto* theory, he first argued that, even though his conviction occurred after the repeal of section 212(c), it was unconstitutional to deny him eligibility to apply for section 212(c) relief because he was convicted for conduct that occurred before the repeal.  Id. at 556.  We rejected that argument because its *ex post facto* premise did not apply in civil cases.

We noted that the jury verdict of guilt in Perez's criminal case occurred some three months before the repeal of section 212(c) became effective, but the sentence

_____

[1] The immigration authorities issued new regulations in 2004 that adopted the view that the critical time for determining eligibility under this rule was the date when the prosecution and the alien agreed to a plea stipulation rather than when it was formally presented to a court.  See 8 C.F.R. § 1003.44; 8 C.F.R. § 1212.3.

was not imposed until two months after the repeal. We concluded that under the definition of a "conviction" created by section 322 of IIRIRA the petitioner's conviction took effect on the date the sentence was imposed, not when the jury handed down its verdict. Id. at 560-62.

We explained that, because an alien's deportability is triggered by his conviction, he is not "even potentially eligible for § 212(c) relief until after he . . . is convicted." Id. at 560-61. The repeal, therefore, could not have a retroactive effect on aliens like Perez who were ineligible for relief when the repeal took effect. Id. We concluded that aliens who are convicted for an aggravated felony after the effective date of IIRIRA are ineligible for section 212(c) relief on any theory. Id.

In Ponnapula v. Ashcroft, 373 F.3d 480 (3d Cir. 2004), we were confronted with a situation in which the alien rejected a plea offer, went to trial, and was convicted years before section 212(c)'s repeal. We concluded that the repeal was impermissibly retroactive as applied to such aliens. Id. at 496. We based that holding on our conclusion that, as in St. Cyr, the aliens there had a reliance interest in the availability of section 212(c) relief. Id.

We explicitly stated in Ponnapula, however, that our holding was limited to cases where the conviction occurred before the effective date of section 212(c)'s repeal and that the holding did not impair Perez's precedential value. Id. at 494 n.12. The petitioner in the case before us has treated Ponnapula more expansively than it reads by

6

arguing that it applies to all cases in which a petitioner was offered a plea agreement before the repeal.

In the next relevant case, Atkinson v. Attorney General, 479 F.3d 222 (3d Cir. 2007), petitioner was not offered a plea agreement and was convicted years before the effective date of section 212(c)'s repeal. We concluded that the permissibility of a retroactive application of the repeal does not rest solely on a petitioner's reliance upon the continued availability of section 212(c) relief. Id. at 229. Rather, the proper inquiry was whether retroactively applying the repeal effectively imposed new detrimental consequences to prior convictions. Id. at 230. We decided that since the petitioner's conviction occurred before section 212(c)'s repeal at a time when he was eligible for section 212(c) relief, he retained that right after the repeal. Id.

Atkinson, therefore, is consistent with Ponnapula where the conviction occurred before the repeal of section 212(c) and is clearly distinguishable from Perez where the conviction occurred afterward.[2]

We are hesitant to announce a brightline rule, particularly in immigration cases. Here, however, our line of precedent generally shows that if an alien's conviction

---

[2] Hernandez v. Gonzales, 437 F.3d 341 (3d Cir. 2006), is not inconsistent. That case dealt with the repeal of a similar form of relief under INA § 244(a) called suspension of deportation. Id. at 346. We denied the alien relief from deportation even though his conviction occurred before the repeal of section 244(a). Id. at 353. Hernandez, however, was ineligible for relief at the time of his conviction because he did not meet the additional residential requirements for eligibility under section 244(a).

7

occurred before the repeal of section 212(c) and he is at that time otherwise eligible for relief, he retains that eligibility despite the repeal. On the other hand, if the underlying conviction occurs after the repeal, there has been no retroactive effect and section 212(c) relief is not available.[3]

The issue before us, therefore, is straightforward. We need only determine whether the conviction occurred before or after the repeal of section 212(c). Here, the conviction clearly occurred afterward. The parties' discussions about whether petitioner Cespedes-Aquino waived his right to section 212(c) relief by absconding or was entitled to rely on the availability of that relief are beside the point. Petitioner is ineligible to claim a benefit under the statute because his conviction in 2004 was after the repeal of section 212(c).

Accordingly, the petition for review will be denied.

---

[3] We do not address the problem that might occur if an alien is convicted before the repeal of section 212(c), but is granted a new trial and is convicted for the second time after the repeal.

8