**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-4180 & 09-1272
_____

GEORGES MATHELIER,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
DEPARTMENT OF HOMELAND SECURITY
                                        Respondents

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A018-083-884)
Immigration Judge: Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2010

Before: RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed July 27, 2010)
_____

OPINION
_____

PER CURIAM.

        Georges Mathelier petitions for review of a final removal order entered by the

Board of Immigration Appeals ("BIA") and a subsequent order denying his motion to

reconsider or reopen the removal proceedings. For the reasons that follow, we will deny

the petitions for review.

Mathelier, a native and citizen of Haiti, was admitted to the United States in 1968 as a lawful permanent resident. He was later convicted of several offenses, including shoplifting and breach of trust in October 1990, and another shoplifting offense in December 1990, all in South Carolina. He was then convicted in New York on August 16, 1999, for criminal possession of a controlled substance in the seventh degree, in violation of New York Penal Law § 220.03.

In 2006, the Department of Homeland Security ("DHS") charged Mathelier as removable for a controlled substance offense based on the 1999 conviction. See INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i). DHS alleged in the Notice to Appear that the controlled substance involved was cocaine. Mathelier appeared before the Immigration Judge ("IJ") with counsel, admitted the factual allegations in the Notice to Appear, and conceded removability as charged. Thereafter, DHS filed additional charges based on the South Carolina convictions, asserting that Mathelier is removable for two or more crimes involving moral turpitude and an aggravated felony theft offense. See INA §§ 237(a)(2)(A)(ii) and (iii), 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii). Mathelier conceded removability on these charges, as well.

Mathelier applied for a waiver of removal under former INA § 212(c), 8 U.S.C. § 1182(c), which, prior to its repeal in 1996, "permitted deportable aliens, who had accrued seven years of lawful permanent residence in the United States, to request discretionary relief from deportation if the equities weighed in favor of their remaining in

the country." Atkinson v. Att'y Gen., 479 F.3d 222, 224 (3d Cir. 2007). He also sought

Convention Against Torture ("CAT") relief.

The IJ held that Mathelier was ineligible for a § 212(c) waiver in light of his

removability for the 1999 controlled substance offense, which was committed after the

repeal of § 212(c). The IJ also denied CAT relief. The BIA agreed and dismissed

Mathelier's appeal. Mathelier timely filed a petition for review in this Court.

Mathelier filed a motion with the BIA to reconsider or reopen, arguing that the

assistance of his now-former counsel was ineffective in conceding removability for the

1999 offense. The BIA denied relief, and Mathelier timely filed a petition for review.

The petitions for review have been consolidated for disposition.

Our jurisdiction is limited by 8 U.S.C. § 1252(a)(2)(D) to the review of

constitutional claims or questions of law. Mathelier raises two such claims.[1]

First, he contends that the BIA erred by conducting a single Board member review

of his case rather than a three-member panel review. Under 8 C.F.R. § 1003.1(e), the

BIA will conduct single-member review "[u]nless a case meets the standards for

assignment to a three-member panel under paragraph (e)(6) of this section." We review

the decision to employ single-member review to determine whether it was "arbitrary or

capricious." Purveegiin v. Gonzales, 448 F.3d 684, 692 (3d Cir. 2006).

Mathelier argues that there was a "changing legal framework" for claims of

---

[1] Mathelier initially argued his CAT claim in his opening brief, but he expressly
withdrew the claim in his reply brief, and therefore we do not address the CAT claim.

3

ineffective assistance of counsel following the Attorney General's decision in In re Compean, 24 I. & N. Dec. 710 (A.G. 2009), and that his case warranted three-member review because his claim that prior counsel was ineffective "did not fall within standard precedent decisions." Petitioner's Br. at 13-14. The record reflects that the BIA applied the controlling standards for an ineffective-assistance claim of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), both in its review of Mathelier's appeal from the final removal order, see A.R. at 153, and on the motion to reconsider or reopen, see A.R. at 2. The BIA completed its review and decided both matters prior to issuance of the Compean decision. We see no absence of "precedent decisions" for Mathelier's claim. Single-member review, therefore, was not arbitrary or capricious.

Second, Mathelier claims that, notwithstanding his concession before the IJ that he is removable for the 1999 offense, the BIA erred in holding that he is ineligible for a § 212(c) waiver. The BIA twice reviewed and rejected this claim. On Mathelier's appeal from the final removal order, it noted the Notice to Appear set forth the following factual allegation: "You were convicted of the Crime of Criminal Possession of a Controlled Substance in the Seventh degree, to wit; Cocaine, in violation of Section 220.03 of the New York State Penal Law[.]" The BIA observed that Mathelier's counsel admitted the factual allegation in open court and conceded removability, and that Mathelier made no statement at the hearing contradicting counsel's concession. The BIA held that the concession was binding on Mathelier as a judicial admission. Further, with respect to the argument that the concession was ineffective assistance, the BIA noted that Mathelier had

4

not complied with the procedural requirements of <u>Matter of Lozada</u>, nor had he shown that counsel's concession was "ineffective assistance on its face, as opposed to a rational tactical decision."  A.R. at 153.  The BIA thus rejected any challenge to removability under INA § 237(a)(2)(B)(i) based on the 1999 conviction, and it affirmed that Mathelier is ineligible for a § 212(c) waiver.[2]

Mathelier then moved to reconsider or reopen, arguing again that counsel was ineffective and submitting evidence to show compliance with <u>Matter of Lozada</u>.  The BIA denied reconsideration, holding that the motion was untimely filed and failed to identify errors of fact or law in the prior decision.  It also refused to reopen the proceedings. While Mathelier had now complied with <u>Matter of Lozada</u>, the BIA found that he "has presented no evidence that rebuts the truth of the admission of removability."  A.R. at 2. Thus, "while a different attorney may have taken an alternative strategic approach," the BIA refused to conclude that counsel's choice to concede removability "renders him not competent, or that the choice was an unprofessional error."  <u>Id.</u> (quotation marks omitted). Further, in the absence of evidence that Mathelier was not convicted of the offense charged in the Notice to Appear, the BIA found that he "cannot establish that [counsel's] performance was so deficient that there is a 'reasonable likelihood' that the outcome would have been different if counsel had not conceded the charge."  <u>Id.</u>

---

[2] Notably, Mathelier has not contested, either before the BIA or this Court, the IJ's finding that he is removable under INA §§ 237(a)(2)(A)(ii) and (iii) based on the three South Carolina convictions.

5

We discern no error in this analysis. Mathelier is removable under INA § 237(a)(2)(B)(i) in light of his express concession, through counsel, of removability on that basis. See 8 C.F.R. § 1240.10(c); Shin v. Mukasey, 547 F.3d 1019, 1024 (9th Cir. 2008) (explaining that DHS initially has burden to prove removability by clear and convincing evidence, but when alien concedes removability, "the government's burden in this regard is satisfied") (quotation marks omitted). While Mathelier now claims that there is insufficient evidence in the record to prove removability for a controlled substance offense, "[a]dmissions by parties are not subject to judicial scrutiny to ensure that the admissions are fully supported by the underlying record." Hoodho v. Holder, 558 F.3d 184, 191 (2d Cir. 2009). Mathelier further claims that counsel's admission was insufficient because it was "lacking in detail or specifics." Petitioner's Br. at 18. However, counsel expressly stated to the IJ that he had spoken with Mathelier, and that the allegations in the Notice to Appear "are admitted and we concede the charge." A.R. at 355-56. This statement plainly was sufficient to enable the IJ to determine that the charge of removability was established. In short, having conceded removability as charged, the IJ properly held that Mathelier was removable for the 1999 conviction.

Mathelier seeks to overcome this result by arguing that counsel's concession of removability was ineffective assistance and worked a denial of his due process rights. "A claim of ineffective assistance of counsel in removal proceedings is cognizable under the Fifth Amendment – i.e., as a violation of that amendment's guarantee of due process." Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007). "[A]n alien claiming ineffective

6

assistance of counsel in removal proceedings must, in addition to showing that his lawyer committed unprofessional errors, show that there was a reasonable likelihood that the result would have been different if the errors had not occurred." Id. at 159 (quotation marks and punctuation omitted).

Mathelier fails to make this showing.[3] Although he complied with the Matter of Lozada procedural requirements on the motion to reopen, Mathelier has not shown that counsel's performance was incompetent. As the BIA observed, Mathelier cites no evidence at all to rebut the truth of his open court admission that the 1999 conviction involved cocaine, and that it was, therefore, a controlled substance offense covered by INA § 237(a)(2)(B)(i). His counsel, therefore, cannot be deemed ineffective for having offered that admission to the IJ. While Mathelier has tried to show that the evidence of record does not reflect that the offense involved cocaine, we fully agree with respondent that "the record contains no evidence that would indicate that [Mathelier] was not convicted of cocaine possession in 1999, and in fact contains evidence tending to establish that [Mathelier] was so convicted." Respondent's Br. at 30-31 (citing evidence of record). Moreover, given the absence of any evidence showing that Mathelier was not, in fact, convicted of an offense involving cocaine, there is no "reasonable likelihood" that the outcome would have been different had counsel not conceded that fact.

In sum, the BIA properly held that the record supports the finding that Mathelier is

_____

[3] Our review is de novo of the ineffective assistance of counsel claim. Fadiga, 488 F.3d at 153.

7

removable for the 1999 controlled substance offense, and because that offense occurred after the repeal of § 212(c), Mathelier is ineligible for a waiver of removability.  <u>See</u> <u>Cespedes-Aquino v. Att'y Gen.</u>, 498 F.3d 221, 225 (3d Cir. 2007).

Based on the foregoing, we will deny the petitions for review.