PS2-180                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1048
_____

JOHN FERNANDO BELLIDO ACUNA
a/k/a JOHN BELLIDO
a/k/a JOHN ACUNA
a/k/a FERNANDO ACUNA,
                                          Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                          Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-859-091)
Immigration Judge:  Honorable Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 27, 2015
Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 27, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John Bellido Acuna, a citizen of Peru, entered the United States without inspection in July 1981. In January 2013, the Government charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) for being present without having been admitted or paroled and under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a controlled substance violation (a 2005 cocaine possession offense in New Jersey). Bellido Acuna conceded the allegations and charges before an Immigration Judge ("IJ"). R. 232-33. He sought asylum, withholding, and protection under the Convention Against Torture ("CAT") on the basis that he was harassed and attacked as a teenager after he recognized and identified a person who robbed a business where he worked.

After a hearing, the IJ denied his applications for relief from removal. The IJ ruled that the asylum application was untimely (and that no exception applied) and that Bellido Acuna did not qualify for asylum anyway. The IJ noted that the uncorroborated claim was based on a fear of reprisal on the basis of a personal vendetta, not a protected ground, from an incident that occurred approximately 35 years ago. The IJ further stated that Bellido Acuna could relocate to avoid the threat. The IJ also rejected Bellido Acuna's claims for withholding and CAT relief. The IJ also declined to issue voluntary departure in light of, inter alia, Bellido Acuna's lengthy arrest record and several convictions.

Bellido Acuna took an appeal to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal, concurring with the IJ that the asylum claim was untimely and had not established that he qualified for an exception to the one-year deadline. The BIA

2

also ruled that Bellido Acuna did not establish that he qualified for withholding or protection under the CAT. The BIA rejected Bellido Acuna's claim on appeal that the IJ should have granted a continuance while Bellido Acuna sought post-conviction relief for his cocaine conviction. The BIA also addressed Bellido Acuna's "mentions" of cancellation of removal and a § 212(h) waiver, noting that his controlled substance conviction disqualified him from cancellation of removal, and that a § 212(h) waiver, standing alone, did not apply to an alien present without having been admitted or paroled.[1] Lastly, the BIA stated that Bellido Acuna had not made a cogent challenge to the discretionary decision to deny voluntary departure and concurred with the IJ's decision.

Bellido Acuna presents a petition for review.[2] Because his removal is based, in part, on a controlled substance violation, our jurisdiction is limited by the REAL ID Act;

[1] The BIA referred to a waiver under § 212(c), not § 212(h), but we assume that was a typographical error because former § 212(c) appears inapplicable in this case where Bellido Acuna's conviction was in 2005. See Cespedes-Aquino v. Att'y Gen. of the U.S., 498 F.3d 221, 225 (3d Cir. 2007). In any event, Bellido Acuna does not present any argument to us about his eligibility for a § 212(h) waiver (perhaps because the waiver is available, under some circumstances, for "a single offense of simple possession of 30 grams or less of marijuana," 8 U.S.C. § 1182(h), not for a cocaine offense like his). We note that arguments not raised in his brief are waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see also Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from the requirement to raise and argue issues on appeal).

[2] He previously filed a motion for a stay of removal, which we denied. In his petition, he renews his request for a stay. He also seeks release on bond and asks us to issue an order to help him in his efforts to marry his fiancée.

however, we retain jurisdiction over constitutional claims and questions of law. See

Pierre v. Att'y Gen. of the U.S., 528 F.3d 180, 184 (3d Cir. 2008) (*en banc*) (citing 8

U.S.C. § 1252(a)(2)(C)-(D)); cf. also Silva-Rengifo v. Att'y Gen. of the U.S., 473 F.3d

58, 63 (3d Cir. 2007) (citing Kamara v. Att'y Gen. of the U.S., 420 F.3d 202, 210-11 (3d

Cir. 2005), for the proposition that the "jurisdictional grant regarding appeals by

aggravated felons extends not just to legal determinations but also to application of law to

facts"). We must dismiss this petition to the extent that Bellido Acuna presents issues

outside these limits on our jurisdiction.

Bellido Acuna claims due process violations and raises questions of law, but none

of the issues he raises is meritorious.[3] To the extent that he claims that the Government

did not meet its burden of proof to show that he was removable, we cannot consider the

claim because he did not exhaust it before the agency. See Abdulrahman v. Ashcroft,

330 F.3d 587, 594-95 (3d Cir. 2003). In any event, in a hearing before the IJ, he admitted

the allegations and conceded the charges in his notice to appear.

Despite Bellido Acuna's claims to the contrary, the IJ used the proper standards

for evaluating his CAT claims and the BIA used the right standards for reviewing the IJ's

rulings.[4] Bellido Acuna also did not show that it would be more likely than not that he

---

[3] After he filed his informal brief, Bellido Acuna submitted a supplemental brief in which he largely repeats the arguments in his informal brief. The Government moves to strike the supplemental brief. We grant the motion, but we also note that our disposition of this petition would be the same if the supplemental brief were considered.

[4] It is not clear whether Bellido Acuna still pursues his asylum or withholding claims. Even if the claims are not waived, the denial of the asylum application on timeliness grounds is beyond review anyway. See 8 U.S.C. § 1158(a)(3); Sukwanputra v.

would be tortured if removed to Peru so as to entitle him to relief under the CAT.  See

Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2).

Lastly, after reviewing Bellido Acuna's claims of due process violations and the

administrative record, we conclude that no due process violation occurred in the

proceedings that the led to the agency's rulings on his claims and his applications for

discretionary relief.[5]

---

Gonzales, 434 F.3d 627 (3d Cir. 2006).  And Bellido Acuna simply did not show a "clear probability" that he would be persecuted in Peru on account of a protected ground such that he would be entitled to withholding of removal.  See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003); 8 C.F.R. § 208.16(b); see also Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001) (explaining that ordinary criminal activity does not rise to the level of persecution); see also Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993) (stating that the "concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional").  We note that, at one point, in discussing Bellido Acuna's applications for relief, the IJ stated that the claim seemed localized and there was no reason why Bellido Acuna could not relocate to another area in Peru.  Whether an alien can relocate is not part of a prima facie case for relief; instead, it is something the Government can show to rebut a presumption of future persecution based on a showing of past persecution.  See Gambashidze v. Ashcroft, 381 F.3d 187, 191-93 (3d Cir. 2004).  However, in this case, the IJ did not really misallocate the burdens of proof or require Bellido Acuna to show that he could not relocate.  The IJ, after denying the asylum application on timeliness grounds, stated that Bellido Acuna "would also not qualify for asylum" because he did not show a reasonable possibility that he would be harmed in Peru (given the passage of time and a lack of evidence of any threat) and because his fear of harm was not related to a protected ground.  The IJ held that the higher standard for withholding was not met, either.  The incidental relocation discussion was not essential to the IJ's rejections of the applications for relief.

[5] Bellido Acuna does not appear to renew his challenge to any denial of a continuance although he puts before us his arguments about his entitlement for state collateral relief on his conviction (the pursuit of which was the reason for the requested continuance).  We do not review his underlying conviction.  And even if he is seeking, in a roundabout way, to challenge the denial of the motion for a continuance, we lack jurisdiction to consider whether it was abuse of discretion.  Rachak v. Att'y Gen. of the

For these reasons, we dismiss Bellido Acuna's petition to the extent we lack jurisdiction over his claims, and we otherwise deny it.  We also deny Bellido Acuna's renewed request for a stay of removal and his requests for other relief. [6]

---

U.S., 734 F.3d 214, 216-17 (3d Cir. 2013).  While we have suggested that a claim that an IJ erred by failing to grant a continuance might, in some instances, be construed as a due process claim, see Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009), we do not see such a claim here.

[6] As we noted above, we grant the Government's motion to strike Bellido Acuna's supplemental brief.