ALD-157                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1721
_____

JOSE DANNY COLLADO-LANTIGUA,
                                                                 Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A040-548-356)
Immigration Judge David Cheng
_____

Submitted on the Respondent's Motion for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 25, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: August 20, 2024)
_____

OPINION*
_____

PER CURIAM

        Jose Collado-Lantigua, a native and citizen of the Dominican Republic, was

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

admitted to the United States as a lawful permanent resident in 1987, and he has since remained in the United States, raising his United States citizen children largely on his own and working for many years as a truck driver. In 2017, after the United States Citizenship and Immigration Services denied his application for naturalization, he was charged as removable for having been convicted of a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i), and an "illicit trafficking" aggravated felony, see 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii). The charges were based on the following allegations:

> [] You were, on January 26, 1993, convicted in the Superior Court of New Jersey at Middlesex County of the offense of Distribution of CDS On/Near School Property, to wit: Cocaine, in violation of N.J.S.A. 2C:35-5al and 2C:35-7.

> [] You were, on April 8, 1997, convicted in the Superior Court of New Jersey at Middlesex County of the offense of Failure to Make Proper Disposition of CDS, in violation of N.J.S.A. 2C:35-10c.

R. 623. He seems to have conceded the allegations through counsel. R. 78 (seeming to answer "yes" to the concession question after first saying "Your honor, actually --").[1] The IJ sustained the charges. R. 79. Collado-Lantigua applied for a § 212(c) waiver, which allows persons convicted of crimes before April 1, 1997, to seek discretionary relief from removal if they meet certain criteria.[2] See 8 U.S.C. § 1182(c) (repealed); see also INS v. St. Cyr, 533 U.S. 289, 326 (2001) (holding that a § 212(c) waiver remains

---

[1] Thereafter, the allegations were considered conceded without objection.

[2] In his § 212(c) application, he stated that it was his 1993 conviction that rendered him removable, and that his 1997 conviction, which was a disorderly persons offense for which he received probation, did not qualify as an aggravated felony or trafficking offense. R. 115.

available for certain aliens who were eligible for relief under that section before its repeal in 1996); Perez v. Elwood, 294 F.3d 552, 556-57 (3d Cir. 2002) (describing the statutory background).

The Immigration Judge ("IJ") pretermitted the application, concluding that Collado-Lantigua was ineligible for § 212(c) relief because he was convicted of a violation of probation on April 22, 1998, which related back to the 1997 offense. R. 73 & 74. At the same time, the IJ denied a motion for a continuance to brief the issue. Id. Collado-Lantigua took an appeal to the Board of Immigration Appeals (BIA). In his counseled brief (R. 12-22), he pursued one issue, arguing that the IJ erred in relying on the violation of probation to rule him ineligible for § 212(c) relief. The BIA did not reach the issue, instead reviewing Collado-Lantigua's eligibility for § 212(c) relief de novo, see 8 C.F.R. § 1003.1(d)(3)(iii). R. 3-4. In consideration of Perez, see 294 F.3d at 562, and the facts of Collado-Lantigua's case (a guilty verdict in January 1997 and a judgment of sentence entered on April 8, 1997), the BIA concluded that he was ineligible for a § 212(c) waiver because he was convicted after April 1, 1997. Id.

Collado-Lantigua timely filed a counseled petition for review.[3] The Government presents a motion to summarily deny it, which Collado-Lantigua opposes.

Because of the bases on which Collado-Lantigua was ordered removed, our jurisdiction is limited to "constitutional claims [and] questions of law." 8 U.S.C. §§ 1252(a)(2)(C), (D); see also Chavez-Alvarez v. Att'y Gen., 783 F.3d 478, 481-82 (3d

---

[3] He also submitted a motion for a stay of removal, which we denied. See 3d Cir. Doc. No. 16.

Cir. 2015); Guzman v. Att'y Gen., 770 F.3d 1077, 1082 (3d Cir. 2014). Where, as here, the BIA issues its own decision on the merits instead of summarily affirming or adopting the IJ's decision, we review its decision, not that of the IJ. See id. We review legal challenges de novo.[4] See Chavez-Alvarez, 783 F.3d at 482. Upon review, we will grant the Government's motion and summarily deny the petition for review because it does not present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As the Government argues, the BIA's ruling, that Collado-Lantigua is not eligible for § 212(c) relief because his judgment of sentence for the 1997 conviction was entered on April 8, 1997, is consistent with our ruling in Perez. Even assuming that we could put aside Collado-Lantigua's concession to the factual allegation that he was convicted on April 8, 1997, R. 78, he was convicted on that date under the rationale of Perez, as the BIA concluded.

In Perez, we looked to the definition of conviction in the Immigration and Nationality Act and how it applied to the facts of that case. See 294 F.3d at 561-62. "Conviction" can mean "a formal judgment of guilt of the alien entered by a court." 8 U.S.C. § 1101(a)(48). "[O]r, if adjudication of guilt has been withheld," there is a

_____

[4] However, we cannot reach issues that were not exhausted in the agency. See 8 U.S.C. 1252(d)(1) (providing that a court may review final order of removal only if "the alien has exhausted all administrative remedies available to the [non-citizen] as of right"); Bonhometre v. Gonzales, 414 F.3d 442, 446-47 (3d Cir. 2005) (noting that, to exhaust administrative remedies, an a non-citizen must give the agency "the opportunity to resolve a controversy or correct its own errors before judicial intervention.") (citation omitted). Accordingly, we cannot review Collado-Lantigua's arguments that his 1997 conviction did not constitute a controlled substance offense because, inter alia, it was merely a conviction for disorderly conduct offense, and New Jersey considers it a petty offense, not a crime.

4

conviction "where (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." Id. In Perez, because the non-citizen had been convicted in federal court, we defined "formal judgment of guilt" by reference to the definition of "judgment of conviction" in Rule 32 of the Federal Rules of Criminal Procedure, which provides that the judgment of conviction must "set forth the plea, verdict or findings, the adjudication, and the sentence." Id. at 562.

Collado-Lantigua was convicted in the New Jersey Superior Court, so we similarly look to the definition of judgment in the New Jersey Rules of Court to inform the understanding of "formal judgment of guilt" in this case. Under New Jersey Rule 3:21-5, "[a] judgment of conviction shall set forth the plea, the verdict or findings, the adjudication and sentence, a statement of the reasons for such sentence, and a statement of credits received pursuant to R. 3:21-8." Accordingly, Collado-Lantigua's conviction occurred when his "formal judgment of guilt … [was] entered by a court," 8 U.S.C. § 1101(a)(48)(A), (and such a judgment must ["set forth the plea, the verdict or findings, the adjudication and sentence, a statement of the reasons for such sentence, and a statement of credits received pursuant to R. 3:21-8," N.J. R. 3:21-5]). Perez, 294 F.3d at 562. Like Perez, Collado-Lantigua was found guilty by jury in January 1997 but sentenced after April 1, 1997. And, similar to Perez's case, it was after sentencing that the court filed a judgment that included the plea, the verdict, the adjudication, the sentence, and a statement of credits received. R. 497. Accordingly, it follows that

5

Collado-Lantigua "was convicted after April 1, 1997," and, because "Congress …

removed the possibility of § 212(c) relief for [non-citizens] who were convicted after the

April 1, 1997 repeal of former INA § 212(c)," the BIA did not err in concluding that he

was ineligible for a § 212(c) waiver.[5]

In response to the Government's motion, Collado-Lantigua argues we should not

apply Perez because his case is more like Ponnapula v. Ashcroft, 373 F.3d 480 (3d Cir.

2004). He argues that he, like Ponnapula, relied on the availability of § 212(c) relief

when he rejected a plea agreement and went to trial. Collado-Lantigua is right that, in

Ponnapula, we held that some non-citizens who affirmatively turned down a plea

agreement and went to trial are entitled to apply for § 212(c) relief despite its repeal. See

373 F.3d at 494-96. However, even if we accepted his assertions that he rejected a plea

in favor of trial, he is not in the same group of non-citizens as Ponnapula; that group is

constituted of non-citizens "who went to trial and were convicted prior to the effective

date of IIRIRA's repeal of former § 212(c)." Id. at 494; see also id. at 494 n.12; see also

Cespedes-Aquino v. Att'y Gen., 498 F.3d 221, 224 (3d Cir. 2007) ("We explicitly stated

in Ponnapula . . . that our holding was limited to cases where the conviction occurred

before the effective date of section 212(c)'s repeal and that the holding did not impair

Perez's precedential value.") It is the timing of the conviction, not the timing of the

_____

[5] Because the BIA's ruling regarding the applicability of § 212(c) relief to the 1997 conviction is the only question before the Court, we do not consider whether Collado-Lantigua could have been eligible for some other relief from removal.

rejection of any plea, that controls.  See Cespedes-Aquino, 498 F.3d at 225 ("[I]f the underlying conviction occurs after the repeal, . . . section 212(c) relief is not available.")

For these reasons, we grant the Government's motion, and we will deny the petition for review.