**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2137
_____

SAMUEL ORIN MCKOY,
                                        Petitioner
v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A036-357-132)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2013

Before:  FUENTES, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 16, 2014 )
_____

OPINION
_____

PER CURIAM

        Samuel Orin McKoy petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal.  We will dismiss the petition.

1

I.

McKoy is a citizen of Guyana who was admitted to the United States as a lawful permanent resident in 1977. In 2000, he pleaded guilty to theft by unlawful taking in violation of N.J. Stat. Ann. § 2C:20-3. The trial court initially sentenced him to probation but, after McKoy violated his probation twice, the court resentenced him on his conviction to three years of imprisonment. Thereafter, the Government charged him as removable for having been convicted of an aggravated felony—i.e., a "theft offense" for which he was sentenced to at least one year in prison. See 8 U.S.C. §§ 1101(a)(43)(G), 1227(a)(2)(A)(iii).

McKoy, proceeding pro se, contested the charge. Over a period of two years, the Immigration Judge ("IJ") continued his hearing three times, terminated the proceeding without prejudice when McKoy appealed his sentence, reinstated the proceeding after his sentence was affirmed, then continued the proceeding eleven more times to give him opportunities to find counsel, obtain evidence, apply for all potentially available forms of immigration relief, and seek collateral relief from his conviction in a counseled Post Conviction Relief ("PCR") proceeding. McKoy ultimately applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). McKoy claims to fear persecution and torture in Guyana on account of his father's and other family members' political activities in the 1970s and 1980s. He also claims that, when he was a child in Guyana, other children beat him on account of those activities.

2

The IJ found McKoy credible but denied relief and ordered his removal. The IJ concluded that McKoy's conviction was for a theft-offense aggravated felony, which renders him ineligible for asylum, see 8 U.S.C. § 1158(b)(2)(A)(ii) & (B)(i), cancellation of removal, see 8 U.S.C. § 1229b(a)(3), a waiver of inadmissibility under Section 212(h) of the Immigration and Nationality Act (which also is unavailable because McKoy was admitted), see 8 U.S.C. § 1182(h); Hanif v. Att'y Gen., 694 F.3d 479, 487 (3d Cir. 2012), and voluntary departure, see 8 U.S.C. § 1229c(a)(1). With respect to withholding of removal and relief under CAT, the IJ concluded that McKoy had not suffered past persecution and had not shown that he likely will be persecuted or tortured in light, inter alia, of the passage of time (he left Guyana in 1977, and his father died approximately 20 years ago). McKoy challenged the denial of these claims on appeal, but the BIA agreed with the IJ and dismissed his appeal on that basis. McKoy petitions for review pro se.

II.

McKoy does not directly argue that his conviction does not qualify as an aggravated felony, though his brief does make some references to that issue that we ordinarily might deem sufficient to raise it in light of his pro se status. (Pet'r's Br. at 9, 18.) We may not reach the issue in this case, however, because McKoy did not exhaust it by raising it in any way before the BIA. Both his notice of appeal and his brief before the BIA challenged only the IJ's denial of his withholding and CAT claims on the merits (A.R. 8-15, 31), and his brief referred to his conviction only once by way of background

3

(A.R. at 9). The BIA also did not address the issue sua sponte. Thus, we lack jurisdiction to review the IJ's ruling that McKoy has been convicted of an aggravated felony. See 8 U.S.C. § 1252(d)(1); Lin v. Att'y Gen., 543 F.3d 114, 119-21, 126 (3d Cir. 2008).[1]

Because we may not disturb the IJ's ruling that McKoy has been convicted of an aggravated felony, our jurisdiction is limited to reviewing colorable constitutional claims and questions of law. See Rachak v. Att'y Gen., 734 F.3d 214, 216 (3d Cir. 2013) (citing 8 U.S.C. § 1252(a)(2)(C), (D)). McKoy does not argue that the BIA committed any

---

[1] We have not addressed whether a conviction for "theft by unlawful taking or disposition" under N.J. Stat. Ann. § 2C:20-3 constitutes a "theft offense" within the meaning of 8 U.S.C. § 1101(a)(43)(G), but we see no immediate reason to question whether it does. McKoy's statute of conviction is materially identical to Section 223.2 of the Model Penal Code, and the BIA has held that convictions falling under that section of the Code necessarily fall within the broad, generic term "theft offense" for purposes of § 1101(a)(43)(G). See In re V-Z-S-, 22 I. & N. Dec. 1338, 1345 (BIA 2000); see also Almeida v. Holder, 588 F.3d 778, 783-85 (2d Cir. 2009) (deferring to V-Z-S-); Ilchuck v. Att'y Gen., 434 F.3d 618, 622 (3d Cir. 2006) (noting that Congress intended the term "theft offense" to have a "broad meaning"). McKoy cites without explanation Penuliar v. Ashcroft, 395 F.3d 1037 (9th Cir. 2005), which held that a California conviction for unlawful taking of a vehicle did not categorically qualify as a "theft offense" because the California statute criminalizes aiding and abetting a taking and not merely the taking itself. The Supreme Court expressly abrogated Penuliar and held that aiding and abetting a theft falls within the generic definition of "theft offense," see Gonzales v. Duenas-Alvarez, 549 U.S. 183, 188-90 (2007), and McKoy's statute of conviction makes no reference to aiding and abetting in any event. We also see no reason to question whether McKoy was sentenced to at least one year of prison as required by § 1101(a)(43)(G) because, under both federal and New Jersey law, a sentence imposed after a probation violation generally is considered a modification of the sentence imposed for the underlying conviction. See, e.g., Lee v. Stickman, 357 F.3d 338, 342 n.3 (3d Cir. 2004); N.J. Stat. Ann. § 2C:45-3(a)(4)(B); State v. Ryan, 429 A.2d 332, 335 (N.J. 1981). We do not reach these issues, however, because McKoy did not exhaust them.

constitutional violation or error of law, and our review reveals that it applied the proper substantive standards and standard of review to his claims. McKoy argues that the BIA erred in rejecting his claims as a matter of fact, but we lack jurisdiction to review those factual arguments. See Jarbough v. Att'y Gen., 483 F.3d 184, 188-89 (3d Cir. 2007).[2]

McKoy also argues that the IJ erred in refusing to stay his proceeding pending the outcome of his PCR petition. McKoy did not exhaust that argument either and, even if he had, the IJ's decision in that regard is a discretionary one that we also lack jurisdiction to review. See Rachak, 734 F.3d at 217 (holding that "we lack jurisdiction to review the agency's denial of a continuance" pending a collateral challenge to a criminal conviction).[3] Finally, McKoy raises a number of arguments directed at his underlying conviction and his probation violations. These arguments too are unexhausted, and they are beyond the scope of McKoy's petition for review in any event.

For these reasons, we will dismiss the petition for review.

---

[2] We nevertheless note that, as the Government argues, the BIA's ruling is supported by substantial evidence in the record.

[3] Even if we could review this issue, McKoy's argument lacks merit. The IJ continued McKoy's proceeding some fourteen times, and McKoy has raised nothing suggesting that the IJ abused her discretion in declining to continue it indefinitely. The IJ was not required to do so in light of McKoy's PCR proceeding, which has been pending for almost two years, because "the pendency of a collateral attack on a conviction does not negate the finality of the conviction for immigration purposes." Rachack, 734 F.3d at 217 n.2 (citing Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008)). McKoy may file a motion to reopen with the BIA if he ultimately prevails on his PCR petition, though we express no opinion on the merits of any such motion.