**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3049
_____

CARLOS JAVIER PONCE SILVA,
a/k/a Jose Santiago Cruz a/k/a Carlos Javier,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-591-963)
Immigration Judge:  Honorable Walter Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 24, 2014
Before:  RENDELL, GREENAWAY, JR. and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Filed: January 27, 2014)
_____

OPINION
_____

PER CURIAM

Carlos Javier Ponce Silva, a native and citizen of Peru, petitions for review of the

Board of Immigration Appeals' ("BIA") final order of removal entered on June 4, 2013.

The Government has filed a motion to dismiss for lack of jurisdiction. For the reasons that follow, we will grant that motion in part and deny in part the petition for review.

Ponce Silva was admitted to the United States in September 1992 as a lawful permanent resident. In 2012, Ponce Silva was served with a notice to appear, charging him with removability under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii). The notice to appear referenced a 2005 conviction for shoplifting in Delaware and a 2008 conviction for possession of a forged instrument in New York. An Immigration Judge ("IJ") found Ponce Silva removable as charged.

Ponce Silva subsequently applied for cancellation of removal for lawful permanent residents under INA § 240A, 8 U.S.C. § 1229b, informed the IJ that his wife had filed an I-130 visa petition on his behalf, and indicated that he planned to file an application for a waiver of inadmissibility pursuant to INA § 212(h), 8 U.S.C. § 1182(h). Following a merits hearing, the IJ concluded that Ponce Silva's criminal record (which included nine arrests mostly related to retail theft), his misleading testimony concerning the use of an alias, and his unwillingness to accept responsibility for many of his convictions, including those he pleaded guilty to, outweighed the positive equities he demonstrated. Consequently, the IJ determined in the exercise of discretion that Ponce Silva was ineligible for cancellation of removal and that it was inappropriate to stay adjudication of his application pending the outcome of his wife's I-130 visa petition. The IJ ordered Ponce Silva removed to Peru.

On appeal before the BIA, Ponce Silva argued that the IJ incorrectly determined that his criminal history outweighed the positive equities and that the IJ erred in refusing to continue his application while his wife's I-130 visa petition was pending. The BIA concurred with the IJ's findings, determining that Ponce Silva was not entitled to cancellation of removal and holding that his application should not be stayed. Ponce Silva then timely filed a petition for review and the Government filed a motion to dismiss for lack of jurisdiction.

The Government argues that the petition for review should be dismissed because Ponce Silva was convicted of two crimes involving moral turpitude for which a sentence of up to one year could have been imposed, see INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), and he has not properly raised any constitutional claims or questions of law. We lack jurisdiction to review the final orders of removal of aliens with such convictions, INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), but we retain jurisdiction over constitutional claims or questions of law. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).

Ponce Silva asserts that removal is inappropriate because he was erroneously denied naturalization in October 2003. In support of this claim, Ponce Silva provides a denial notice from the Immigration and Naturalization Service that indicated that his application for naturalization was denied because he had provided false testimony in order to receive an immigration benefit. Ponce Silva asserts that he did not provide false testimony. Despite Ponce Silva's arguments, this Court lacks jurisdiction to review such

3

a claim.[1]  See INA § 310(c), 8 U.S.C. § 1421(c); Abiodun v. Gonzales, 461 F.3d 1210, 1216 (10th Cir. 2006) (holding that claims of unlawful denial must be raised before a district court and cannot be reviewed in the context of review of a removal order).

In his brief, Ponce Silva raises a series of claims concerning the performance of his attorneys during the removal proceedings and of attorneys who previously represented him during other immigration proceedings.  But, Ponce Silva did not present any claims of ineffective assistance of counsel before the IJ or the BIA.  Thus, all of his ineffective assistance claims are unexhausted, and we lack jurisdiction to consider them. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Hoxha v. Holder, 559 F.3d 157, 159 (3d Cir. 2009).

Ponce Silva also argues that the IJ and BIA erred in declining to continue his application for cancellation of removal while the I-130 visa petition was pending.  We lack jurisdiction to review this claim because the decision to deny a continuance is discretionary and does not implicate a constitutional claim or question of law.  See Rachak v. Att'y Gen., 734 F.3d 214, 217 (3d Cir. 2013).  Similarly, Ponce Silva asserts that the IJ and BIA erred in denying his application for cancellation of removal because the record shows that he merits a favorable exercise of discretion.  However, we lack

---

[1] To the extent that Ponce Silva argues that he is a citizen of the United States, we have authority to review this claim because it concerns an essential jurisdictional fact.  See Poole v. Mukasey, 522 F.3d 259, 264 (2d Cir. 2008).  The record shows that as of July 2012 Ponce Silva was not a citizen and did not have any applications for citizenship pending.  Accordingly, we conclude that Ponce Silva has failed to show that he is a citizen.  See INA § 242(b)(5)(A)-(B), 8 U.S.C. § 1252(b)(5)(A)-(B).

jurisdiction to review this claim because it concerns the discretionary denial of a cancellation of removal application. See INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003). To the extent that Ponce Silva argues that the IJ and BIA incorrectly weighed the evidence or equitable factors in making their discretionary determinations, such a claim does not present a colorable question of law. See Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007).

Ponce Silva's next series of claims concerns his criminal history. First, he argues that his Delaware conviction for shoplifting in 2005 does not qualify as a crime involving moral turpitude, and that as a result he is not removable under INA § 237(a)(2)(A)(ii); 8 U.S.C. § 1227(a)(2)(A)(ii). However, Ponce Silva conceded that he was removable as charged, see Administrative Record at 7, and did not challenge this ground of removability before the BIA. Accordingly, this issue is waived and not properly before us. See Zheng v. Gonzales, 422 F.3d 98, 107-08 (3d Cir. 2005).

Next, Ponce Silva argues that the IJ, in exercising discretion to deny his cancellation application, incorrectly considered certain criminal cases that were pending, dismissed, or constituted only local ordinance violations. We liberally construe this argument as a reviewable due process claim, and exercise plenary review. See Singh v. Gonzales, 432 F.3d 533, 537, 541 (3d Cir. 2006). Here, the BIA concluded that Ponce Silva's argument that improper evidence was admitted or relied upon did not provide a basis to overturn the IJ's decision. Specifically, the BIA noted that Ponce Silva's

5

"explanations do not refute the fact that he was convicted of multiple retail theft and related charges over a period of years and he declined to accept responsibility for most of his arrests and convictions." Accordingly, in light of the BIA's conclusion that Ponce Silva's "extensive criminal history" supported denial of the application for cancellation of removal, Ponce Silva has failed to establish a violation of due process. See Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010) ("To establish a violation of due process, the petitioners must show that substantial prejudice resulted from the alleged procedural errors.").

For the foregoing reasons, we will grant the Government's motion to dismiss in part as to the claims over which we lack jurisdiction and deny in part the petition for review to the extent that we have jurisdiction. See 3d Cir. LAR 27.4; I.O.P. 10.6.