**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3070
_____

CARLOS JAVIER PONCE SILVA,
AKA Jose Santiago Cruz,
AKA Carlos Javier,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043 591 963)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2015

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: April 8, 2015)

———————

OPINION*

———————

PER CURIAM

Carlos Javier Ponce Silva petitions for review of an order of the Board of Immigration Appeals ("BIA"), which denied his second motion to reopen and reconsider. We will deny the petition the petition in part and dismiss it in part for lack of jurisdiction.

Ponce Silva was admitted to the United States in 1992 as a lawful permanent resident, but he was placed in removal proceedings in 2012 due to some criminal convictions. An Immigration Judge ("IJ") found that he was removable as charged, and denied his application for cancellation of removal, as a matter of discretion. The BIA affirmed, and we dismissed his petition for review in part for lack of jurisdiction, and denied those claims over which we had jurisdiction. Ponce Silva v. Att'y Gen., 553 F. App'x 215, 219 (3d Cir. 2014) (not precedential).

While Ponce Silva's petition for review was pending, he filed with the BIA a motion to reopen and reconsider. In January 2014, the BIA found that the motion was untimely, that Ponce Silva had not submitted previously unavailable evidence to support his claims, and that he had not complied with procedural requirements to support his claims of ineffective assistance of counsel. The BIA also stated that there were no exceptional circumstances that would warrant sua sponte reopening. Ponce Silva did not

———————————

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

petition for review of that decision.[1]  Instead, in March 2014, Ponce Silva filed another motion to reopen and reconsider, supported by more exhibits.  The BIA denied the motion as untimely and number-barred.  The BIA noted that he had "offered evidence of compliance with the procedural requirements for ineffective assistance of counsel claims before the Board," but determined that it was "not persuaded that equitable tolling of the filing requirements" was warranted due to ineffective assistance of counsel.  A.R. 2-3.  The BIA once again declined to reopen the proceeding sua sponte.  A.R. 3.  Ponce Silva filed a timely petition for review.

Generally, we lack jurisdiction to review a final order of removal against an alien, like Ponce Silva, who is removable for having been convicted of certain criminal offenses.  8 U.S.C. § 1252(a)(2)(C).  We also lack jurisdiction to review the BIA's unfettered discretion to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a).  Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006).  While we retain jurisdiction to review any constitutional or legal questions raised in Ponce Silva's petition for review, see 8 U.S.C. § 1252(a)(2)(D), our jurisdiction is very narrow here because of the procedural posture of the case.  The only question properly before us at this time is whether the BIA committed legal or constitutional error in denying Ponce Silva's second motion to reopen.

---

[1] We thus lack jurisdiction to review that decision.  See Stone v. INS, 514 U.S. 386, 405-06 (1995) ("Congress . . . envisioned two separate petitions filed to review two separate final orders).

The BIA did not err in its conclusion that Ponce Silva's motion was untimely and number-barred. A motion to reopen must be filed in the BIA within 90 days of the date of entry of the final order of removal. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i).[2] Ponce Silva's motion was not filed within the time limit, and it was also number-barred. See 8 C.F.R. § 1003.2(c)(2). Ineffective assistance of counsel may equitably toll the time for filing a motion to reopen or reconsider, and may possibly negate the numerical limit for such motions. Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) (per curiam). Equitable tolling is warranted if "some extraordinary circumstance stood in [the petitioner's] way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). Ponce Silva did not set forth any allegations that the ineffective assistance of his attorney prevented him from timely filing a motion to reopen.

As the BIA did not err in denying the motion to reopen and/or reconsider, we will deny the petition for review as to that claim. As we lack jurisdiction to consider the BIA's decision not to reopen the proceedings sua sponte, we will grant the Government's request to dismiss[3] to the extent Ponce Silva seeks to challenge that decision in any way.

---

[2] There is no time limit on filing a motion to reopen in the BIA if the basis of the motion is to apply for asylum and the motion is based on changed conditions in the country to which removal has been ordered, if such evidence is material and was not available or discoverable at the previous proceeding, see INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii). But despite Ponce Silva's allegations that he faces harm in Peru, he did not explicitly seek asylum, and did not submit an asylum application with his second motion to reopen. See also A.R. 471-72 (BIA decision denying first motion to reopen notes that Ponce Silva did not include an asylum application).

[3] The request is contained in the Government's brief.

4