**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4246
_____

JOSEPH MEDINA BAUTISTA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-097-337)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2015

Before: FISHER, KRAUSE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 24, 2015 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Medina Bautista petitions for review of a final order of removal. For the following reasons, we will deny the petition.

Bautista, a native and citizen of the Philippines, entered the United States in 1991 as a conditional resident and became a lawful permanent resident in 1994. In 2010, he pleaded guilty to distributing, dispensing, or possessing with intent to distribute more than one ounce of methamphetamine, in violation of N.J. Stat. Ann. § 2C: 35-5(a)(1) and (b)(8), and distributing, dispensing, or possessing with intent to distribute methamphetamine within 1,000 feet of school property, in violation of N.J. Stat. Ann. § 2C: 35-7. Administrative Record ("A.R.") at 208.[1] He was sentenced to five years of probation. In 2014, the Government started removal proceedings on aggravated felony and controlled substance grounds. See 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).

Bautista appeared pro se and contested removability, arguing that he had been wrongfully convicted. The Immigration Judge ("IJ") determined that his convictions qualified as controlled substance offenses and aggravated felonies and that Medina was removable as charged. The IJ also determined that Bautista was not eligible for any form of relief from removal. His aggravated felony conviction rendered him statutorily ineligible for cancellation of removal and voluntary departure, see 8 U.S.C. §§ 1229b(a)(3), 1229c(a)(1); he could not claim derivative citizenship through his mother

---

[1] There was a discrepancy in the state court documents regarding one of the convictions, i.e., the judgment of conviction listed the offense as involving less than an ounce of heroin or cocaine, rather than more than an ounce of methamphetamine. The

because he was an adult when she became a naturalized citizen; and he presented no case for asylum or related relief because he testified that he had not been persecuted or tortured in the Philippines and did not fear such harm upon return. Finally, the IJ denied Bautista's request for a continuance to allow for the adjudication in state court of his pending petition for post-conviction relief because the matter was collateral to the immigration proceedings and its outcome was speculative.

On appeal, the BIA upheld the IJ's decision and addressed an additional issue: whether the IJ should have allowed expert testimony that Bautista possessed only a "personal use" amount of drugs, making him eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h). The BIA noted that this argument was unfounded because the waiver is available only in cases involving a "single offense of simple possession of 30 grams or less of marijuana," id., whereas Medina was convicted of possession with intent to distribute more than an ounce of methamphetamine. The BIA dismissed the appeal, and this petition for review followed.

Although we generally lack jurisdiction to review final orders of removal issued against aliens who, like Bautista, are removable for having been convicted of certain controlled substance offenses or an aggravated felony, see 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law. See 8 U.S.C.

judgment was later amended and submitted to the immigration court.

3

§ 1252(a)(2)(D). In his informal brief, which is quite spare, Bautista appears to raise the following issues: (1) that the IJ should have made him aware of the option for a hearing pursuant to In re Joseph, 22 I. & N. Dec. 799 (BIA 1999); (2) that his judgment of conviction is unclear; and (3) that he was deprived of his due process rights. To the extent that the first issue may be construed to involve a question of law, we lack jurisdiction to review it because it was not raised before the BIA and is thus not exhausted. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). As for the third issue, Bautista does not explain in his brief how his due process rights were violated. To the extent he intended to raise the IJ's denial of a continuance, that decision is discretionary and thus outside the bounds of our jurisdiction as delineated in 8 U.S.C. § 1252(a)(2)(D). See Rachak v. Att'y Gen., 734 F.3d 214, 216-17 (3d Cir. 2013).[2]

Turning to the remaining issue in the informal brief, Bautista states that "the conviction they are using to sentence me is not clear[;] the judgment of conviction does not indicate what my final conviction is." Pet'r's Br. at 1. The Government construes this as merely questioning whether the state court records clearly show what offenses he was convicted of, which is a factual matter. Resp't's Br. at 18. Thus, the Government argues that Bautista has waived the issue of whether his convictions constitute aggravated felonies because he failed to identify or argue it in his opening brief. Id. at 17. Although

_____

[2] We also note that the pendency of Bautista's collateral challenge did not affect the finality of his convictions for immigration purposes. See Orabi v. Att'y Gen., 738 F.3d 535, 542 (3d Cir. 2014); Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

4

it is "well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal," United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2002), we note that the document construed as Bautista's petition for review was captioned as, and included, a brief in support of his petition. That brief, which is much more developed than the informal brief, contains an argument challenging whether the conviction for distributing, dispensing, or possessing with intent to distribute more than one ounce of methamphetamine constitutes an aggravated felony. Affording Bautista the liberal construction due pro se pleadings, see Higgs v. Att'y Gen., 655 F.3d 333, 339-40 (3d Cir. 2011), we do not consider him to have waived this issue by failing to include it in his informal brief because it was presented in his petition for review.

Bautista's argument appears to be that his conviction is not an aggravated felony because it is akin to a simple possession offense. That argument is neither factually nor legally viable in this case. Bautista was convicted of violating (1) N.J. Stat. Ann. § 2C: 35-5(a)(1), which makes it unlawful to "manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance," and (2) § 2C:35-5(b)(8), which specifies that a violation of section 5(a)(1) involving more than five ounces of methamphetamine is a crime of the first degree. A state offense constitutes an aggravated felony for immigration purposes only if it proscribes conduct punishable as a felony under the Controlled Substances Act

5

(i.e., imprisonment of more than a year).  See Moncrieffe v. Holder, 133 S. Ct. 1678, 1683 (2013).  The statute Bautista was convicted under "proscribes the identical conduct" as 21 U.S.C. § 841(a)(1), which makes it unlawful "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003).  Although the general New Jersey statute is not categorically an aggravated felony because it also includes possession with intent to distribute marijuana, and distribution of a "small amount" of marijuana for no remuneration is only a federal misdemeanor, see 21 U.S.C. § 841(b)(4), that exception is not at issue here.  Bautista was convicted of the subsection of the New Jersey statute dealing with methamphetamine, not marijuana.  Methamphetamine is a controlled substance, see 21 U.S.C. § 812, the distribution of which is punishable by a term of imprisonment of more than a year.  See 21 U.S.C. § 841(b)(1).  Thus, Bautista's conviction constitutes an aggravated felony.[3]

For these reasons, we will deny the petition.

---

[3] Bautista also raised in his petition for review the issues of his eligibility for cancellation of removal and a waiver of inadmissibility under 8 U.S.C. § 1182(h).  He is statutorily ineligible for both, as explained earlier in this opinion and the BIA's decision.