**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1542
_____

MD ALL RABBY TOUKIR,
                                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                        Respondent
_____

On Petition for Review from the Board of Immigration Appeals
(B.I.A. No. A058-546-274)
Immigration Judge: Honorable Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2016
_____

Before: VANASKIE, SHWARTZ, and RESTREPO, *Circuit Judges*.

(Filed: February 19, 2016)

_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Md All Rabby Toukir petitions for review of a Board of Immigration Appeals (BIA) final order of removal. For the reasons that follow, we will grant the petition in part, deny it in part and remand to the BIA for further proceedings.

**I**

Toukir is a native and citizen of Bangladesh. He was born in 1992 and came to the United States in 2007. He is a lawful permanent resident.

In 2014, Toukir pled guilty to two violations of a Pennsylvania drug statute, 35 P.S. § 780-113(a)(19). As a result, Toukir was charged with being removable from the United States under 8 U.S.C. § 1227(a)(2)(B)(i) of the Immigration and Nationality Act (INA). Appearing before an Immigration Judge (IJ), Toukir challenged his removability. The IJ ordered Toukir removable. In addition, the IJ denied Toukir's request to continue the removal proceedings pending Toukir's collateral attack on his convictions. Toukir appealed to the BIA, which upheld the IJ's decision and dismissed the appeal. Toukir filed a petition for review before this Court.

After Toukir filed his petition for review, the Supreme Court decided *Mellouli v. Lynch*, 135 S.Ct. 1980 (2015), interpreting Section 1227(a)(2)(B)(i) of the INA. In response to *Mellouli*, the Government filed a motion to remand Toukir's case to the BIA for reconsideration.

**II**

The BIA had jurisdiction to review the IJ's decision under 8 C.F.R.

2

§ 1003.1(b)(3). We generally have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a). However, 8 U.S.C. § 1252(a)(2)(C) provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable" under 8 U.S.C. § 1227(a)(2)(B)(i) due to a conviction relating to a federally controlled substance. Despite this jurisdiction-stripping provision, we retain jurisdiction to determine whether Toukir "has been convicted of one of the enumerated offenses." *Borrome v. Attorney Gen.*, 687 F.3d 150, 154 (3d Cir. 2012); *see also* 8 U.S.C. § 1252(a)(2)(D). Our standard of review is *de novo*. *Borrome*, 687 F.3d at 154.

Toukir was convicted of two violations of a Pennsylvania drug statute, 35 P.S. § 780-113(a)(19), a misdemeanor under state law. Section 113(a)(19) criminalizes "[t]he intentional purchase or knowing receipt in commerce by any person of *any controlled substance, other drug or device* from any person not authorized by law to sell, distribute, dispense or otherwise deal in such controlled substance, other drug or device." 35 P.S. § 780-113(a)(19) (emphasis added).

The question before this Court is whether, as the IJ and BIA held, Toukir's conviction renders him removable under 8 U.S.C. § 1227(a)(2)(B)(i). Section 1227(a)(2)(B)(i) authorizes removal of an alien "convicted of a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C.

3

§ 1227(a)(2)(B)(i).

In Toukir's case, two elements of this removability statute are potentially at issue: (i) whether his conviction "relat[es] to a controlled substance" and (ii) whether his conviction involves a federally controlled substance as "defined in section 802 of Title 21."

In *Mellouli*, the Supreme Court considered only the second of these two elements, whether a particular conviction involves a federally controlled substance "defined in section 802." *Mellouli*, 135 S.Ct. at 1984. To answer this question, the Supreme Court employed the categorical approach. *Id*. at 1986. The categorical approach "looks to the statutory definition of the offense of conviction, not to the particulars of an alien's behavior." *Id*.; *see also Moncrieffe v. Holder*, 133 S.Ct. 1678, 1684 (2013). "The state conviction triggers removal only if, by definition, the underlying crime falls within a category of removable offenses defined by federal law." *Mellouli*, 135 S.Ct. at 1986.

In *Mellouli*, the conviction at issue was possession of drug paraphernalia under Kansas state law. That crime "ma[de] no reference" to the federal drug schedules. *Id*. at 1984. In addition, the Kansas drug "schedules included at least nine substances not included in the federal lists." *Id*. Therefore, under the categorical approach, a conviction for the Kansas crime of drug paraphernalia did not require proof that the defendant, Mellouli, possessed a federally controlled substance "defined in section 802." *Id*. at

4

1984. Accordingly, the Supreme Court held that Mellouli was not removable under Section 1227(a)(2)(B)(i).

In the instant case, the IJ and BIA did not have the benefit of the *Mellouli* decision. Rather, the IJ and BIA relied upon an earlier decision of this Court, *Rojas v. Attorney Gen.*, 728 F.3d 203 (3d Cir. 2013) (*en banc*). *Rojas*, like *Mellouli*, considered how the courts are to determine whether a conviction involved a federally controlled substance "defined in section 802." Unlike *Mellouli*, however, *Rojas* rejected both the categorical and modified categorical approaches. Instead, *Rojas* held that a court should determine "the existence of a federally controlled substance . . . in the same way as the existence of the conviction itself is normally established." *Rojas*, 728 F.3d at 216.

This portion of the *Rojas* decision, rejecting both the categorical and modified categorical approaches, is arguably impacted by *Mellouli*. However, this Court has not yet ruled on this issue. While Toukir urges us to take up the question now, we agree with the Government that remand is required. The BIA must be permitted to consider, in the first instance, the impact of *Mellouli* on *Rojas* and on Toukir's removability. *See INS v. Ventura*, 537 U.S. 12 (2002) (per curiam). Therefore, as to the order of removal, we will grant Toukir's petition and remand to the BIA for further proceedings.

The Government requests that upon remand the BIA be permitted to "consider any other issues in the case." Resp't Br. 23; *see also* Resp't Unopposed Substitute Mot. to Remand 3. We agree. We will not fracture our review of the BIA's removability

5

decision by considering aspects of that decision at this time. Thus, our remand order does not foreclose the parties from raising on remand any other issues in the case, with the exception of the due process claim denied in Section III, *infra*. *See Johnson v. Ashcroft*, 286 F.3d 696, 701 (3d Cir. 2002) (citing *Matter of Patel*, 16 I. & N. Dec. 600 (BIA 1978)).

### III

Toukir further appeals the IJ and BIA's denial of his request to continue the removal proceedings pending a collateral attack on his conviction. We will deny Toukir's petition for review as to this issue.

In the case of a "criminal-alien" petitioner, like Toukir, we lack jurisdiction to review a discretionary decision of an IJ to deny a continuance. *Rachak v. Attorney Gen.*, 734 F.3d 214, 217 n.3 (3d Cir. 2013) (applying 8 U.S.C. § 1252(a)(2)(C)). However, as to Toukir's claim that the denial of a continuance violated his due process rights, we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Hoxha v. Holder*, 559 F.3d 157, 163 n.5 (3d Cir. 2009).

We exercise plenary review over a procedural due process claim. *Singh v. Gonzales*, 432 F.3d 533, 541 (3d Cir. 2006). To prevail, the petitioner must show "substantial prejudice." *Id.* We conclude that Toukir's due process claim lacks merit.

The IJ may grant a continuance of removal proceedings for "good cause shown." 8 C.F.R. § 1003.29. Toukir has not shown "good cause" for a continuance pending a

6

collateral attack on his convictions, or substantial prejudice. The IJ did continue Toukir's case several times, albeit briefly, from August 18 until November 3, 2014. More importantly, Toukir can only speculate as to the likelihood of success on collateral review. Toukir asserts that he received ineffective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356 (2010). A state trial court has already denied this claim with respect to the conviction that formed the basis for his removal; Toukir's appeal is pending. *Commonwealth of Pennsylvania v. MD All Rabby Toukir*, No. CP-46-CR-0008379-2013 (Montgomery Cnty. Ct. Com. Pl.). While we pass no judgment on the merits, we note that Toukir's written guilty plea stated that his plea could result in immigration consequences, and confirmed that Toukir was satisfied with his lawyer. Furthermore, Toukir's convictions are final for immigration purposes "unless and until the convictions are overturned. . ." *Paredes v. Attorney Gen.*, 528 F.3d 196, 198-99 (3d Cir. 2008). Thus, for the reasons above, we will deny the petition to review Toukir's due process claim.

## IV

For the foregoing reasons, we grant Toukir's petition as to the order of removal, vacate the BIA's order and remand for further proceedings consistent with this opinion. We deny Toukir's petition as to the claim that his due process rights were violated. The Government's motion to remand is denied as moot.

7