NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1072
_____

JESUS ASUNCION PONCE,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-690-010)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2014

Before: AMBRO, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed:  June 25, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant, Jesus Ponce, a native and citizen of Mexico, seeks review of a final

order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ)

order sustaining the charges of removability and ordering him removed. For the reasons that follow, we will deny the petition for review.

In 2007, Ponce became a lawful permanent resident of the United States. In 2012, he was convicted in the Superior Court of New Jersey of conspiracy to possess a controlled substance, and criminal mischief. As a result of his conviction for a controlled substance offense, he was charged with removability. See 8 U.S.C. § 1227(a)(2)(B)(i). At a hearing before the IJ on December 19, 2012, Ponce, through his counsel, contested the removability charge, arguing that the state judgment of conviction was unclear as to the nature of the underlying offense. He sought a continuance to file a "motion . . . with the Criminal Court asking for clarification of the judgment of conviction." The Court granted the continuance. At the next hearing on January 14, 2013, Ponce again contested the removability charge, arguing that the state judgment of conviction and sentencing colloquy were ambiguous as to the nature of the underlying offense; he requested another continuance to seek "clarification" from the New Jersey Superior Court. Over the objection of the Government the IJ granted the continuance.

At a hearing on January 31, 2013, Ponce asserted that on January 17th, he filed a "verify petition"[1] with the state court to "clarify the court record," but that a hearing on the issue would not be scheduled for four to six weeks. The IJ stated that she believed the Government had met its burden to establish that Ponce had been convicted of a

_____

[1] The "verify petition" was a petition for post-conviction relief.

2

controlled substance offense, but nevertheless granted a continuance to allow time for Ponce to prove otherwise.

Less than two weeks later, on February 11, 2013, the IJ reiterated that the Government had established the predicate removal offense by clear and convincing evidence. The IJ verbally sustained the charge of removability, but indicated that Ponce could submit any evidence to the contrary. Ponce asserted that he was told upon filing his verify petition that there could be a three-month waiting period; he then requested a continuance until that time. The Court granted a three-week continuance. At the next hearing on March 4th, Ponce stated that he had not had a hearing on his motion, but that he expected it would be "sometime in May." The IJ indicated that she could not "keep postponing the matter for that reason" because of the uncertainty regarding whether or how the state court would rule. Accordingly, the matter was continued, but Ponce was advised that, unless he filed an application for relief, the IJ would have "no choice" but to order him removed at the next hearing.

On March 21, 2013, Ponce indicated that the verify petition was still pending and could be for another "three or four months," but that it was "impossible to predict when the [state court's] going to get to this particular petition." The IJ stated that, absent an application for relief, she would not grant another continuance. The IJ then officially sustained the charge of removability, and ordered Ponce removed. The BIA affirmed the IJ's decision on appeal. Ponce has filed a petition for review, arguing that that the IJ abused her discretion in denying the motion for a continuance.

3

Where, as here, an alien is removable due to a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B), our review is limited to "constitutional claims or questions of law[.]" 8 U.S.C. § 1252(a)(2)(D). We review those claims and questions de novo. See Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006).

Ponce argues generally that the IJ erred in finding he was convicted of a controlled substance offense. As the IJ noted, it was clear from the judgment of conviction that Ponce's conviction served as a predicate removal offense for purposes of §1227(a)(2)(B)(i). Ponce was originally charged with (1) possession of a schedule I, II, III or IV substance and (2) criminal mischief. The first charge was amended to conspiracy to possess in violation of N.J. Stat. Ann. § 2C:5-2; as the IJ concluded, there is no support for Ponce's argument that the amendment to the charges created an ambiguity as to whether Ponce was convicted of a drug offense. This conclusion is supported by the sentencing colloquy, during which the state attorney indicated, without objection from Ponce's defense counsel, that the defendant pleaded guilty to a "third degree conspiracy to possess CDS [controlled dangerous substance] and disorderly persons, criminal mischief." A.R. at 110; see 8 U.S.C. § 1229a(c)(3)(B) (listing documents in record of conviction IJ may rely on to determine a conviction); Dickson v. Ashcroft, 346 F.3d 44, 54 (2d Cir. 2003) (noting that there are many readily available and reliable documents that properly are considered part of the record of conviction such as the judgment of conviction or a colloquy transcript). The state court judge then

4

reiterated that Ponce had pleaded guilty to "a DP [disorderly persons] and third degree conspiracy." A.R. at 111. Accordingly, the Board properly affirmed the IJ's conclusion.

Next, Ponce claims that the BIA erred in determining that the IJ did not abuse her discretion in refusing to grant a continuance until the state court ruled on his verify petition. He argues that, absent a continuance, he was deprived of the opportunity to obtain evidence of post-conviction relief to challenge his removability. The Government argues that we lack jurisdiction to review this claim. We agree that, to the extent Ponce is merely challenging the IJ's discretionary decision, we lack jurisdiction to review the claim. See Rachak v. Att'y Gen., 734 F.3d 214, 217 (3d Cir. 2013); see also Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010) (holding that criminal alien's "argument that the IJ abused its discretion by not granting her a continuance does not present a constitutional claim or issue of law that this court has jurisdiction to consider."). However, to the extent Ponce presents a constitutional claim, see Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009), we conclude that the BIA did not err. See Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006) (exercising plenary review over due process claims). The IJ granted five continuances, and each time Ponce's counsel indicated that the time needed was longer than previously noted. Ponce also failed to provide a copy of the verify petition. Having determined that the judgment of conviction was not ambiguous on its face, Ponce had not shown good cause for an additional continuance because the likelihood of success of his post-conviction petition was speculative at best. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008) (holding that the

5

pendency of post-conviction motion does not negate the finality of convictions for immigration removal purposes).[2]

Based on the foregoing, to the extent we have jurisdiction, we will deny the petition for review, and otherwise we will dismiss.

---

[2] Ponce seeks to raise a claim in his reply brief that the IJ's denial of a continuance deprived him of the benefit of a new immigration policy issued after he was ordered removed. We lack jurisdiction to consider this claim, as he failed to exhaust it before the BIA. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).