PSM4-007                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1835
_____

JEREMIAS ARGUETA GOMEZ,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-753-230)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 2014
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 10, 2014)

_____

OPINION
_____

PER CURIAM

Jeremias Argueta Gomez petitions for review of an order of the Board of

Immigration Appeals ("BIA"), which dismissed his appeal of an Immigration Judge's

("IJ") removal order. We will dismiss the petition for review.

Argueta, a citizen of El Salvador, entered the United States without inspection in January 2001. In July 2006, Argueta pleaded guilty to third-degree theft in New Jersey. He was sentenced to time served (223 days). In April 2013, he was charged as removable as an alien present in the United States without being admitted or paroled and as an alien who was convicted of a crime involving moral turpitude. While represented by counsel, Argueta conceded removability. After counsel withdrew, he applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied relief and ordered Argueta removed to El Salvador. Argueta filed a pro se appeal to the BIA.

The BIA affirmed the IJ's decision. It rejected Argueta's claims of ineffective assistance of counsel because he made no specific allegation of ineffective assistance for the brief period during which he was represented by counsel. As for Argueta's claim that he was denied due process by the denial of a continuance, the BIA noted that Argueta initially asked for a twelve-week continuance, and his merits hearing was held more than twelve weeks later. The BIA agreed with the IJ's denial of Argueta's subsequent request for a continuance because his chances at post-conviction relief were speculative. The BIA also affirmed the IJ's determination that he had not shown a well-founded fear of persecution on a protected ground or a likelihood of torture if he were to be removed to El Salvador. Argueta filed a timely pro se petition for review.

In his brief, Argueta primarily argues that the IJ incorrectly denied him continuances to allow him to pursue post-conviction relief. However, because Argueta conceded that he has been convicted of a crime involving moral turpitude, we may only review constitutional claims and issues of law in connection with his petition for review. 8 U.S.C. § 1252(a)(2)(C)-(D); Taveras v. Att'y Gen., 731 F.3d 281, 285 (3d Cir. 2013). Because granting a continuance is a discretionary decision, we lack jurisdiction to consider the question of whether the IJ erred by failing to grant a continuance. Rachak v. Att'y Gen., 734 F.3d 214, 216-17 (3d Cir. 2013).[1]

Argueta briefly states that the BIA and IJ erred by failing to grant him a continuance to gather additional information in support of his claims for asylum and related relief. As explained, we lack jurisdiction to consider the denial of a request for a continuance. We further agree with the Government that this passing reference to asylum, withholding of removal, and protection under the CAT does not suffice to bring the merits of his applications for relief before this Court. See Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004); Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (claim

---

[1] Even if we had jurisdiction, we note that Argueta would have difficulty showing that the IJ abused her discretion, as he essentially was granted the twelve-week continuance that he initially sought. Further, it does not appear that he was prejudiced by the lack of a continuance, as Argueta notes that the state court denied him post-conviction relief. See Jarbough v. Att'y Gen., 483 F.3d 184, 192 (3d Cir. 2007) (to establish due process violation, petitioner must show he was deprived of right to full and fair hearing and must show substantial prejudice).

not raised in opening brief is waived).[2]

      For the foregoing reasons, we will dismiss the petition for review.

---

[2] In any event, we agree with the BIA that Argueta failed to show that he was likely to be persecuted on account of a protected ground, or was likely to be tortured, in El Salvador.