**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3536
_____

DENTON ALLISTON WATSON,
a/k/a Dento Smith,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a Decision of the Board of Immigration Appeals
(Agency No. A037-776-255)

Immigration Judge: Honorable Leo A. Finston

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 18, 2018
_____

Before: GREENAWAY, JR., RESTREPO, and BIBAS, *Circuit Judges*

(Opinion Filed: August 9, 2018)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Denton Watson is removable pursuant to 8 U.S.C. §§ 1227(a)(2)(B)(i) and

1227(a)(2)(A)(ii), as an alien who was convicted of a crime related to controlled

substances and involving moral turpitude, respectively. He petitions for review of a final

order of the Board of Immigration Appeals ("BIA"), denying his application for

Withholding of Removal under the Convention Against Torture ("CAT"). Because we

lack jurisdiction to hear his claim, we will dismiss Watson's petition for review.

## I. Facts & Procedural Background

A native and citizen of Jamaica, Watson was convicted of several controlled

substances offenses in New Jersey over the span of a decade.[1] Following the convictions,

removal proceedings were commenced through the filing of a Notice to Appear ("NTA")

in Immigration Court. The NTA charged Watson as removable on three bases: (1) 8

U.S.C. § 1227(a)(2)(B)(i), as an alien who, after admission to the United States, was

convicted under a law related to controlled substances other than a single offense

involving possession of thirty or fewer grams of marijuana; (2) 8 U.S.C.

§ 1227(a)(2)(A)(ii), as an admitted alien who was convicted of two or more crimes

---

[1] Watson's judgments of conviction include, among others, violations of N.J. Stat. Ann. § 2C:35-5a(1), proscribing the distribution or the intent to distribute "a controlled dangerous substance," and N.J. Stat. Ann. § 2C:35-7a, criminalizing the distribution of, or the intent to distribute a, "controlled dangerous substance" "while on any school property used for school purposes . . . or within 1,000 feet of such school property or a school bus."

2

involving moral turpitude, which do not arise out of a single criminal scheme; and (3) 8 U.S.C. § 1227(a)(2)(A)(iii), as an admitted alien convicted of an aggravated felony.

Watson appeared before an Immigration Judge ("IJ") and, through counsel, admitted all factual allegations set forth in the NTA, and conceded removability under the moral turpitude and controlled substances charges. He also conceded that, due to his criminal convictions, he was ineligible for all forms of relief, except for withholding of removal under the CAT. He therefore submitted a CAT application supported primarily by a personal statement.

The IJ held a hearing and allowed Watson to testify and proffer evidence in support of his CAT application. Watson testified that he would be tortured by members of the Jamaican Labor Party ("JLP") upon his ostensible return to Jamaica due to his involvement decades earlier with the JLP's chief political opponent, the People's National Party ("PNP"). He further testified that his older half-brother had been "a more active member of the PNP," but was murdered in 1985 due to his own political activities with the PNP. App. 49-50. Watson stated that, in 1996, he, too, was attacked and beaten in Jamaica by members of the JLP, who had recognized him as "the brother of the one who got killed." App. 50. In all, Watson testified to being afraid to return to Jamaica because he believed he would be persecuted and tortured by members of the JLP.

At the conclusion of the hearing, the IJ found Watson's testimony credible in part, but denied his application. Specifically, the IJ found Watson's testimony "largely consistent with his submissions," and the testimony related to the 1996 beating as

3

credible because it was "sufficiently detailed and plausible." App. 52. But the IJ concluded that Watson's claims were not corroborated by the record, and discussed at length how Watson failed to substantiate his CAT claim before the tribunal. In particular, the IJ determined that Watson's claim for withholding of removal under the CAT "fail[ed] due to the evidentiary insufficiencies of the record [because he] failed to meet his burden of demonstrating that it is more likely than not that he w[ould] experience torture if he is returned to Jamaica." App. 56.

Watson then appealed the IJ's decision to the BIA. The BIA dismissed Watson's appeal, finding that the IJ "applied the appropriate legal standards in analyzing [Watson]'s claim for protection under the [CAT] and correctly concluded that [Watson] did not satisfy his burden of proof in establishing his claim." App. 4 (internal citations omitted). This timely petition followed.

## II. Jurisdiction

The Government argues that we lack jurisdiction over Watson's petition for review. Indeed, we are obliged to satisfy ourselves of our own jurisdiction before analyzing the merits of a case. *Adorers of the Blood of Christ v. FERC*, No. 17-3163, 2018 WL 3559225, at *4 n.5 (3d Cir. July 25, 2018) (quoting *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 177 (3d Cir. 2017)).

In cases involving certain categories of criminal aliens, including aliens who, like Watson, are removable due to a controlled substances offense, pursuant to 8 U.S.C. § 1227(a)(2)(B), Congress has instructed that "no court shall have jurisdiction to review

4

any final order of removal," 8 U.S.C. § 1252(a)(2)(C).  And that our review shall be circumscribed to "constitutional claims or questions of law."  *Id.* § 1252(a)(2)(D).  Watson claims that the BIA's "affirmance" of the IJ's decision is an abuse of discretion, Pet. Br. 16, and that this abuse-of-discretion claim, in removal proceedings, equates to a Constitutional claim pursuant to the "'Due Process' [clause] of the United State[s] Constitution," Pet. Br. 7.

We disagree.  We have previously determined that discretionary or factual determinations fall outside of our jurisdiction when presented with a petition for review.  *Rachak v. Att'y Gen.*, 734 F.3d 214, 217 (3d Cir. 2013).  Here, we note that Watson's claim, although framed as a "discretionary" claim, is challenging the factual determinations and findings of the IJ, which the BIA adopted in its review.  As such, Watson does not invoke the Constitution or raise a question of law because he is merely challenging the BIA's factual determinations.  Because this challenge does not fall within the ambit of our statutorily-defined jurisdiction under 8 U.S.C. § 1252(a)(2)(C) and (D), we lack jurisdiction to review the merits of this petition for review.  Accordingly, we will dismiss this petition for lack of subject matter jurisdiction.

### III.    Conclusion

For the foregoing reasons, we shall dismiss Watson's petition for review.