NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1126

_____

GUIPING ZHENG,
                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                    Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A089-150-297
(U.S. Immigration Judge: Honorable Walter A. Durling)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 4, 2018

Before:  SHWARTZ, SCIRICA, and ROTH *Circuit Judges*.

(Filed: January 7, 2019)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Guipeng Zheng faces immigration removal proceedings on the basis of a felony child abuse conviction. The Immigration Judge (IJ) granted Zheng a waiver of inadmissibility and an adjustment of his status to lawful permanent resident. On administrative appeal, the Board of Immigration Appeals (BIA) reversed the IJ's decision and denied Zheng's applications for relief. Zheng now files a petition for review, contending that the BIA incorrectly engaged in *de novo* review of the IJ's factual findings, and that its decision was not supported with sufficient explanatory reasoning to satisfy Zheng's due process rights.  We will deny the petition.

**I.**

Zheng, a native and citizen of China, entered the United States as a nonimmigrant student in 2000 and adjusted his status to lawful permanent resident in 2009. Zheng's wife and his two children are U.S. citizens. On July 26, 2014 after a jury trial, Zheng was convicted of indecent assault against a minor less than thirteen years old in violation of 18 Pa. Cons. Stat. § 3126(a)(7), a third degree felony; unlawful contact with a minor for the purpose of engaging in unlawful sexual activity in violation of 18 Pa. Cons. Stat. § 6318(a)(4); endangering the welfare of a child while acting as a supervisory adult or guardian in violation of 18 Pa. Cons. Stat. § 4304(a)(1); and corruption of a minor by a person at least eighteen years old in violation of 18 Pa. Cons. Stat. § 6301(a)(1)(ii). *Commonwealth v. Guiping Zheng*, No. 533 WDA 2015, 2016 WL 4954188, at *1 n.1 (Pa. Super. Ct. July 11, 2016). Evidence at trial established Zheng had sexually abused a ten-year-old minor referred to as Jane Doe since Doe was six years old. *Id*. Zheng frequently

2

"lay on top of the victim … fondled her over her clothing, and attempted to kiss her." *Id.* at \*1. Zheng was sentenced to fifteen to thirty months of incarceration and three years of probation. *Id.*

Because Zheng was convicted of a crime of child abuse and of an aggravated felony, he became removable under immigration law. *See* 8 U.S.C. §§ 1227(a)(2)(E)(i) & (A)(iii), 1101(a)(43)(A). To avoid removal, Zheng was required to seek adjustment of status to lawful permanent resident. *Id.* § 1255(a). But Zheng's conviction belongs to a statutory category rendering Zheng inadmissible, a status creating a special barrier to lawful admission. *Id.* § 1182(a)(2). To be eligible for an adjustment of status, Zheng therefore needed a waiver of inadmissibility. *Id.* §§ 1255(a), 1182(h)(1)(B). On September 26, 2016, the Department of Homeland Security commenced removal proceedings against Zheng. On May 24, 2017, Zheng filed applications for a waiver of inadmissibility under § 1182(h)(1)(B) and for an adjustment of status under § 1255.

Zheng's applications were evaluated by an IJ, who issued a decision on July 17, 2017 following a hearing. The IJ found, and the parties do not contest, that Zheng's conviction for indecent assault against a minor less than thirteen years old qualifies as one "involving violent or dangerous crimes," meaning, in order to receive a waiver of inadmissibility, Zheng would be required to show his removal would cause "exceptional and extremely unusual hardship." 8 C.F.R. § 1212.7(d). In addition, the regulation provides, "depending on the gravity of the alien's underlying criminal offense," his hardship might still be "insufficient to warrant a favorable exercise of discretion" in granting his accompanying application for adjustment of status. *Id*.

3

Despite this demanding standard, the IJ granted Zheng's applications for a waiver of inadmissibility and for adjustment of status. Although Zheng's family's financial and health hardships were not exceptional, the IJ found their likely citizenship and family separation consequences should Zheng be removed did meet the "exceptional and extremely unusual hardship" standard. Specifically, because China does not permit dual citizenship, Zheng's wife and children would face an "iniquitous dilemma" in determining whether to stay in the United States or move to China with Zheng. App. 11. If living in China, Zheng's wife and children would be required to renounce U.S. citizenship or would be ineligible for a host of basic government services including public schooling. As a result, Zheng's wife and children would likely stay in the United States and would experience extended separation from Zheng. The IJ also weighed equitable factors in Zheng's case, including Zheng's supportive family and his steadfast maintaining of his innocence of the crimes of which he was convicted, in exercising his discretion to grant Zheng's application for adjustment of status.

The Government appealed the IJ's decision to the BIA. On December 22, 2017, the BIA vacated the IJ's order and denied Zheng's applications for relief. The BIA disagreed with the IJ's conclusion that Zheng's case satisfied the "extreme and exceptionally unusual hardship" standard. The BIA also conducted a *de novo* review of the IJ's favorable exercise of discretion in granting Zheng's adjustment of status and concluded a favorable exercise of discretion was not warranted.

## II.

The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have

4

jurisdiction under 8 U.S.C. § 1252.

Our jurisdiction to review the BIA's decision is limited. We may not review the BIA's exercise of discretion in denying relief to Zheng. *Id.* § 1252(a)(2)(B). Because Zheng is removable by reason of a covered criminal offense under 8 U.S.C. § 1227(a)(2)(B)(i), we are further prevented from reviewing any aspect of the BIA's final order of removal against him, with one exception: we retain jurisdiction to consider any "constitutional claims or questions of law." *Id.* § 1252(a)(2)(C)–(D). In other words, "[t]o fall under § 1252(a)(2)(D)'s grant of jurisdiction, an issue must be either a 'purely legal inquir[y]' or raise a 'colorable' claim that a constitutional violation has occurred." *Rachak v. Att'y Gen.*, 734 F.3d 214, 216 (3d Cir. 2013) (quoting *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012)).

**III.**

On appeal, Zheng contends the BIA erred by exercising *de novo* review of the IJ's factual findings rather than accepting them unless clearly erroneous. Zheng also contends the BIA's opinion was not sufficiently detailed in its analysis to satisfy Zheng's due process rights.

First, we note, under the BIA's decision, Zheng is subject to removal for two reasons: the BIA's denial of his waiver of inadmissibility and its denial of his request for an adjustment of status. He does not challenge the ruling denying his application for an adjustment of status. Thus, we need only examine whether the BIA correctly denied his request for a waiver of inadmissibility.

The BIA must review an IJ's findings of fact under the clearly erroneous standard

5

but may consider "questions of law, discretion, and judgment and all other issues in appeals from decisions" *de novo*. 8 C.F.R. §1003.1(d)(3)(i)-(iii). Here, the BIA found, and we agree, that the Zheng family's circumstances, including likely future outcomes, are factual questions. The question of whether these facts constitute extreme and exceptionally unusual hardship involves the discretionary application of a legal standard. Thus, although the BIA must defer to the IJ's findings of fact where not clearly erroneous, the BIA had authority to "review without deference the ultimate conclusion that the findings of fact do not meet the legal standard." *Myrie v. Att'y Gen.*, 855 F.3d 509, 516 (3d Cir. 2017). Zheng contends, though, that the BIA rejected or ignored a portion of the IJ's factual findings, without applying the clearly erroneous standard in doing so.

When the BIA intends to disturb findings of fact on the grounds that they are clearly erroneous, it must "apply the clearly erroneous standard in such a way that reviewing courts understand that standard to be in play." *Kaplun v. Att'y Gen.*, 602 F.3d 260, 272 n.10 (3d Cir. 2010). Here, the BIA has not made it evident that it found any of the IJ's findings to be clearly erroneous. Thus, if the BIA nonetheless rejected or contradicted the IJ's factual findings, that might indeed exceed its authority to review. A fair reading of its opinion instead shows the BIA accepted the IJ's findings and disagreed with its legal conclusion that they met the standard for hardship. The BIA "disagree[d] with the Immigration Judge that the respondent has shown exceptional and unusual hardship because the Chinese nationality law and household registration requirements would make it impossible for [Zheng's] wife and Children to live in China and maintain

6

their United States citizenship." App. 14. In other words, the BIA accepted the IJ's findings about the impact of Chinese legal requirements but disagreed that the choice between giving up U.S. citizenship and facing family separation constituted extreme and exceptionally unusual hardship. Contrary to Zheng's suggestion, the BIA restated and did not ignore, mischaracterize, or contradict the IJ's findings.[1] Zheng does not identify a specific factual discordance between the two opinions, but instead implicitly invites us to "'rehash' the IJ's determination of whether an alien meets this hardship requirement," a discretionary decision which is outside our jurisdiction to review. *Patel v. Att'y Gen.*, 619 F.3d 230, 233 (3d Cir. 2010) (quoting *Pareja v. Att'y Gen.*, 615 F.3d 180, 187 (3d Cir. 2010)).

Zheng's due process argument is also unavailing. An alien in removal proceedings is entitled to due process, and we have identified a limited set of rights encompassed by this protection, including the one at issue here: "an individualized determination of his [or her] interests." *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001). Zheng contends the BIA's opinion violated his right to due process because his extreme and exceptionally unusual hardship claim was rejected "in a few lines, devoid of meaningful factual or legal analysis." Pet'r. Br. 20. We find the BIA's consideration of this issue was sufficient to meet the constitutional due process standard.

The BIA is entitled to a "presumption of regularity," meaning Zheng bears the

---

[1] For impermissible treatment of IJ fact findings, see, for example, *Waldron v. Holder*, 688 F.3d 354, 361 (8th Cir. 2012), which holds that the IJ deviated from the standard of review, in evaluating extreme and exceptionally unusual hardship in a criminal alien waiver of inadmissibility case, when it made an "improper finding of fact that inherently contradicts many of the IJ's factual findings." *Id.*

burden of proving "the BIA did not review the record when it considered the appeal." *Abdulai*, 239 F.3d at 550 (quoting *McLeod v. INS*, 802 F.2d 89, 95 n.8 (3d Cir. 1986)). In *Abdulai*, we found that where the BIA demonstrated it was aware of the basic facts and evidence of the case, and had found them sufficient to meet the relevant legal standard, the alien's due process rights had been met. *Id.* The BIA's opinion here is similarly sufficient. The BIA took note of relevant evidence including the IJ's finding that "the Chinese nationality law would make it impossible for [Zheng's] wife and children to live in China and maintain their United States citizenship," it identified relevant case law, and it determined Zheng had not shown "his removal will cause his wife and children to suffer hardships that are 'substantially beyond' those which would be expected to result from an alien's removal." App. 14.

## IV.

For the foregoing reasons, we will deny the petition.