**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1971
_____

NICHOLAS ANTHONY CROOKS,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A209-307-971)
Immigration Judge:  Honorable Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2018

Before: MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 1, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Nicholas Crooks, a citizen of Jamaica, petitions pro se for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will dismiss the petition in part and deny it in part.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly. Crooks entered the United States on a visitor's visa in 2005 and has remained here since that time. In 2016, he pleaded guilty in the Magisterial District Court for Luzerne County, Pennsylvania, to possessing a controlled substance in violation of 35 Pa. Stat. § 780-113(a)(16). The Department of Homeland Security subsequently charged him with being removable for having overstayed his visa, see 8 U.S.C. § 1227(a)(1)(B), and for having been convicted of a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i). Crooks conceded his removability under the first charge, and the Immigration Judge ("IJ") sustained the second charge over Crooks's objection. Crooks then sought relief from removal, applying for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He claimed that, if he returned to Jamaica, he would be harmed based on the fact that certain family members had been involved with Jamaica's People's National Party.[1]

_____

[1] Crooks, who was 17 years old when he left Jamaica for the United States, did not allege that he himself had been threatened or harmed in Jamaica.

2

After holding a merits hearing, the IJ denied Crooks's application and ordered his removal to Jamaica. In doing so, the IJ concluded that Crooks's asylum claim was time-barred, and that his claims for withholding of removal and CAT relief lacked merit. Crooks then appealed to the BIA, which dismissed the appeal in April 2018. This petition for review followed.

II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1), but the scope of our review in this case is limited for two reasons. First, to the extent that Crooks's briefing raises arguments concerning his claims for asylum and withholding of removal, we lack jurisdiction to review those arguments because he did not exhaust them before the BIA. See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012). Second, because Crooks was found to be removable for having been convicted of a controlled substance offense, we may review his remaining issues only to the extent that they raise constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Rachak v. Att'y Gen., 734 F.3d 214, 216 (3d Cir. 2013).

The first issue over which we have jurisdiction is the agency's determination that Crooks's conviction qualifies as a controlled substance offense under § 1227(a)(2)(B)(i).[2] In making that determination, the agency examined Crooks's criminal complaint. Crooks

---

[2] If Crooks's conviction did not qualify as a controlled substance offense under § 1227(a)(2)(B)(i), he would still be removable under § 1227(a)(1)(B) because he overstayed his visa. But unlike § 1227(a)(2)(B)(i), § 1227(a)(1)(B) does not render him statutorily ineligible for cancellation of removal. See 8 U.S.C. § 1229b(b)(1)(C).

3

argues that the agency should not have considered that document because it is unreliable and not one of the types of records upon which the agency may rely. This argument is unpersuasive. Crooks's criminal complaint, which was prepared by the police and approved by the prosecutor, served as the charging document in his criminal case. See Garcia v. Att'y Gen., 462 F.3d 287, 292 (3d Cir. 2006) ("The filing of a criminal complaint is sufficient to initiate criminal proceedings in the Commonwealth and Pennsylvania law does not require the subsequent filing of either an information or an indictment if a plea of guilty . . . is entered."). We have previously held that such a complaint may be considered by the agency, see id., and we see no reason to reach a different result here.[3] To the extent that Crooks otherwise challenges the agency's determination that he is removable under § 1227(a)(2)(B)(i), those challenges are meritless.[4]

---

[3] In Rojas v. Attorney General, 728 F.3d 203, 220 (3d Cir. 2013) (en banc), we noted in dicta that the reliability of the alien's criminal complaint was in "grave doubt" because (1) the complaint noted that the prosecutor had approved it "via phone," (2) it was prepared *seven* months after the alien's arrest, *and* (3) the affidavit of probable cause attached to it "inexplicably" described the arrest of another person. That set of circumstances is not present here. Although Crooks's criminal complaint indicates that the prosecutor approved it verbally, the complaint was prepared only about one month after Crooks's arrest, and the attached affidavit of probable cause describes his arrest (not someone else's).

[4] Section 1227(a)(2)(B)(i) provides an exception to removability for "a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). Contrary to Crooks's contention, his conviction does not fall within that exception, for his case involved crack cocaine, not marijuana. To the extent that Crooks discusses the tests for determining whether a conviction qualifies as an aggravated felony, those tests are irrelevant here, for they have no bearing on whether his conviction qualifies as a controlled substance offense under § 1227(a)(2)(B)(i).

4

The second (and final) issue that is properly before us is the agency's denial of CAT relief. To prevail on a CAT claim, an alien must establish that it is more likely than not that he would be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); see Pieschacon-Villegas v. Att'y Gen., 671 F.3d 303, 310-11 (3d Cir. 2011). Here, the agency concluded, inter alia, that Crooks had not shown that he would likely be tortured in Jamaica. (See A.R. at 5-6.)[5] Crooks appears to argue that the agency committed one or more legal errors in evaluating whether the Jamaican government would acquiesce if he were tortured. But even if we were to assume for the sake of argument that the agency erred in this regard, any such error would be harmless because the agency's determination that Crooks failed to show a likelihood of torture was a separate and sufficient basis for denying his CAT claim. See Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (holding that an error in an immigration case is harmless "when it is highly probable that the error did not affect the outcome of the case"). To the extent that Crooks's briefing could liberally be construed as raising other questions of law and/or constitutional claims relating to the agency's denial of CAT relief, any such challenges lack merit.

---

[5] Contrary to Crooks's contention, the agency did not fail to "consider[] what would likely happen to him if he were to be removed." (Crooks's Opening Br. 24.)

5

In light of the above, we will dismiss Crooks's petition in part and deny it in part.[6]

---

[6] Crooks appears to argue that, even if his conviction is a removable offense, he is eligible for cancellation of removal because he has an approved I-130 Petition for Alien Relative. Crooks did not exhaust this particular argument before the BIA. But even if this argument were properly before us, we would reject it. As noted earlier, Crooks's removability under § 1227(a)(2)(B)(i) renders him statutorily ineligible for cancellation of removal. See supra note 2.