**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3320
_____

MOMAR TALLA NDIR,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(A200-576-765)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 15, 2020
_____

Before: CHAGARES, PORTER, and FISHER,
*Circuit Judges*.

(Filed: June 16, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Momar Talla Ndir petitions for review of a final order of the Board of Immigration Appeals ("BIA") adopting and affirming an Immigration Judge's ("IJ") decision ordering Ndir removed. We will deny in part and dismiss in part Ndir's petition for review.

**I**

Ndir is a native and citizen of Senegal who arrived in the United States on a non-immigrant visa in 2003 and became a lawful permanent resident in 2013. Then, in 2017, Ndir pleaded guilty to one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h), (a)(1), and one count of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. § 1028A, (a)(1) and 18 U.S.C. § 2. According to Ndir's Presentence Investigation Report ("PSR"), Ndir's crimes resulted in $481,000 in total identifiable losses, and the money laundering scheme resulted in $294,877.41 in fraudulent purchases associated with Ndir's membership account at Sam's Club. Ndir was sentenced to forty-two months' imprisonment.

In 2018, Ndir was charged as removable because he was an aggravated felon based on his money-laundering conviction. A conviction for money laundering under 18 U.S.C. § 1956 is an aggravated felony "if the amount of the funds exceeded $10,000[.]" 8 U.S.C. § 1101(a)(43)(D).

During the removal proceedings, the Department of Homeland Security sought to enter Ndir's conviction record and PSR into evidence. Ndir objected to the admission of the PSR and contested the reliability of its loss calculation. The IJ admitted the evidence. The IJ then found Ndir removable.

The IJ granted a continuance, however, because Ndir was planning to marry a United States citizen and then to file for adjustment of status. At a later hearing, Ndir sought another continuance. The IJ denied Ndir's request because Ndir's fiancée was still married, her divorce was not finalized, and Ndir had not completed an application for protection from removal. Because Ndir's previous conviction was a qualifying aggravated felony under 8 U.S.C. § 1101(a)(43)(D), the IJ ordered Ndir removed to Senegal.

Ndir appealed to the BIA, which adopted and affirmed the IJ's decision finding Ndir removable and denying his request for a continuance. **AR 3–4.** Ndir timely petitioned for review.

**II**[1]

Ndir raises three arguments in his petition for review.[2] All are meritless. First, Ndir contends that the IJ could not consider the PSR when calculating the loss associated with his offense.[3] When deciding whether the government proved by clear and convincing evidence that the loss resulting from a crime exceeds $10,000, we use the "circumstance-specific approach." *Singh v. Att'y Gen. of U.S.*, 677 F.3d 503, 512 (3d Cir.

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We also have jurisdiction to consider our own jurisdiction. *See Borrome v. Att'y Gen. of U.S.*, 687 F.3d 150, 154 (3d Cir. 2012). Venue is proper because the IJ conducted Ndir's immigration hearing in York, Pennsylvania. *See* 8 U.S.C. § 1252(b)(2).

[2] When the BIA adopts the IJ's decision, "we review the decisions of both the IJ and the BIA." *Shehu v. Att'y Gen. of U.S.*, 482 F.3d 652, 657 (3d Cir. 2007) (citation omitted).

[3] We review de novo Ndir's first challenge. *See Singh v. Att'y Gen. of U.S.*, 677 F.3d 503, 508 (3d Cir. 2012).

2012). That approach allows us to consider "sentencing-related material[.]" *Id.* (citation omitted). Thus, a PSR may be considered "so long as the petitioner has been given 'a fair opportunity' to challenge the Government's claim." *Fan Wang v. Att'y Gen. of U.S.*, 898 F.3d 341, 348–49 (3d Cir. 2018) (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)). Ndir does not argue that he did not have a fair opportunity to challenge the government's loss calculation in his PSR. So the IJ could properly consider it.[4]

Second, Ndir argues that the PSR's loss calculation was unreliable.[5] In particular, Ndir contends that substantial evidence does not support the IJ's conclusion that the government proved by clear and convincing evidence that the loss from his crime exceeded $10,000. He argues that the $481,000 loss amount does not represent the actual loss and that the "loss amount is not separated out between the two counts of the conviction." Pet'r's Br. 18. But the PSR notes that the fraudulent purchases associated with Ndir's Sam's Club account totaled nearly $300,000. Ndir's money-laundering conviction is based on the fraudulent purchases from that account. *See* Administrative R.

---

[4] Ndir argues that precedent used the circumstance-specific approach to analyze fraud under only 8 U.S.C. § 1101(a)(43)(M)(i) and not money laundering under § 1101(a)(43)(D). Given the similar definitions in (M)(i) and (D), we see no reason to use a different standard for calculating loss amounts depending on the underlying offense of conviction. *Compare* 8 U.S.C. § 1101(a)(43)(M)(i) (covering an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000"), *with* § 1101(a)(43)(D) (covering "an offense described in [18 U.S.C. § 1956] (relating to laundering of monetary instruments) . . . if the amount of the funds exceeded $10,000").

[5] Whether the government proved by clear and convincing evidence that the loss exceeded $10,000 is a question of fact. *See Nijhawan v. Holder*, 557 U.S. 29, 33–34 (2009). We review questions of fact for substantial evidence. *See Dia v. Ashcroft*, 353 F.3d 228, 248–49 (3d Cir. 2003) (en banc).

4

130. Thus, substantial evidence supported the IJ's conclusion that clear and convincing evidence showed that Ndir's crime resulted in a loss exceeding $10,000.

Third, Ndir argues that the IJ abused its discretion by not granting his request for a continuance.[6] Because Ndir is removable as an aggravated felon, we can review only constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C)–(D). Ndir's challenge to the denial of a continuance does not raise a constitutional claim or question of law. Thus, we lack jurisdiction over this claim. *See Rachak v. Att'y Gen. of U.S.*, 734 F.3d 214, 217 (3d Cir. 2013).

\* \* \*

For these reasons, we will deny in part and dismiss in part Ndir's petition for review.

---

[6] We review for abuse of discretion Ndir's challenge to the IJ's denial of a continuance. *See Khan v. Att'y Gen. of U.S.*, 448 F.3d 226, 233 (3d Cir. 2006).