**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3309
_____

ABELARDO ANDRES LOPEZ RODRIGUEZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(No. A046-568-995)
Immigration Judge:  Amit Chugh
_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 9, 2021

(Filed July 20, 2021)

Before:  SHWARTZ, KRAUSE, and RENDELL, *Circuit Judges*.

_____

O P I N I O N*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Abelardo Andres Lopez Rodriguez seeks review of an order by the Board of Immigration Appeals ("BIA") affirming the denial of his application for cancellation of removal. Lopez Rodriguez failed to exhaust his administrative remedies with respect to two of his claims and his remaining argument lacks merit. The petition for review will therefore be dismissed in part and denied in part.

I.

Lopez Rodriguez is a native and citizen of Colombia. He entered the United States as a lawful permanent resident in 1998, when he was thirteen years old. Since then, he has been convicted of several state crimes, including a 2005 conviction for theft by deception, in violation of N.J. Stat. Ann. § 2C:20-4(a), and a 2010 conviction for possession of less than fifty grams of marijuana, in violation of N.J. Stat. Ann. § 2C:35-10(a)(4). Upon returning to the United States from a trip abroad in 2012, Lopez Rodriguez was issued a Notice to Appear ("NTA") charging him as inadmissible based on his 2005 and 2010 convictions. The issuance of the NTA initiated removal proceedings.

At a master calendar hearing, counsel for Lopez Rodriguez admitted all the allegations in the NTA, including those regarding his two state court convictions. His attorney then stated that he would seek cancellation of removal for lawful permanent residents pursuant to 8 U.S.C. § 1229b(a). Under that provision, a lawful permanent resident deemed inadmissible is eligible for discretionary cancellation of removal if he

2

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
(2) has resided in the United States continuously for 7 years after having been admitted in any status, and
(3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a). The second element, continuous residence in the United States, is at issue in this case. Under the "stop-time rule," the accrual of a period of continuous residence generally ends either when the alien is (1) served an NTA or when (2) the alien commits a crime rendering him inadmissible under 8 U.S.C. § 1182(a)(2) or removable under 8 U.S.C. § 1227(a)(2) or (a)(4), whichever is earliest. 8 U.S.C. § 1229b(d)(1); *see also Rachak v. Att'y Gen.*, 734 F.3d 214, 218 (3d Cir. 2013). Among the enumerated offenses that trigger the stop-time rule are "crime[s] involving moral turpitude" ("CIMTs"). 8 U.S.C. § 1182(a)(2)(A)(i)(I).

After the master calendar hearing, the Immigration Judge ("IJ") convened a merits hearing at which several witnesses, including Lopez Rodriguez, testified. The IJ then issued an opinion in which he determined that Lopez Rodriguez's theft by deception offense—which occurred in 2004—was a CIMT that triggered the stop-time rule about six years after his 1998 arrival, one year short of the continuous residence requirement. Although Lopez Rodriguez was not convicted until the following year in 2005, the IJ correctly observed that the date of *commission* of the offense is the operative date for purposes of the stop-time rule. *See Barton v. Barr*, 140 S. Ct. 1442, 1449 (2020). Despite this conclusion, the IJ noted in his opinion that he had previously "believed" during the merits hearing that Lopez Rodriguez was eligible for cancellation of removal based on the information in the NTA. A.R. 32. For this reason, he devoted the

3

proceedings primarily to soliciting testimony that would inform his assessment of the "discretionary aspects" of cancellation of removal. *See Singh v. Att'y Gen.*, 807 F.3d 547, 549 n.3 (3d Cir. 2015). But after looking more closely at the record, the IJ concluded that the 2004 offense rendered Lopez Rodriguez ineligible for relief and issued a removal order. The BIA affirmed the IJ. Lopez Rodriguez now petitions for review.

## II.

The BIA had jurisdiction under 8 C.F.R. § 1003.1(b)(3). We exercise jurisdiction to review final removal orders pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's legal conclusions de novo and its factual determinations for substantial evidence. *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010).

## III.

Lopez Rodriguez advances three arguments in his petition for review. First, he argues that his conviction for theft by deception does not constitute a CIMT and therefore did not trigger the stop-time rule. Second, he urges that his Fifth Amendment due process rights were violated because the IJ failed to advise him of alternative forms of available relief during his removal proceedings. Third, he asserts that his prior counsel, who represented him before the IJ, was ineffective. These arguments are unavailing.

## A.

We first address Lopez Rodriguez's arguments regarding the stop-time rule and ineffective assistance of counsel. Lopez Rodriguez failed to raise these issues before the IJ or BIA, so they are unexhausted. Because a petitioner must exhaust his administrative remedies with respect "to each particular issue raised" before seeking our review of a

4

final removal order, we lack jurisdiction to entertain the stop-time rule and ineffective assistance arguments. *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012); *see also* 8 U.S.C. § 1252(d)(1). Accordingly, we will dismiss the petition for review as to these issues.

B.

Lopez Rodriguez's due process argument, which largely resembles the due process claim he raised before the BIA, is properly before us.[1] But this argument fails on the merits. Primarily relying on caselaw from the Ninth Circuit, Lopez Rodriguez urges that the IJ's failure to advise him of all forms of available relief violated due process because it deprived him of the opportunity to pursue those remedies. We have held that to prevail on this procedural due process claim, a petitioner must show "that he was prevented from reasonably presenting his case" and "that substantial prejudice resulted." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (internal quotation marks and citation omitted).

At its core, due process in immigration proceedings requires "three key protections": "(1) factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) the opportunity to make arguments on his or her own behalf;

---

[1] Before the BIA, Lopez Rodriguez argued that the IJ's failure to advise him that he was ineligible for cancellation of removal at his master calendar hearing deprived him of the opportunity to pursue other forms of relief. The BIA correctly rejected that theory. Although that argument is not identical to the due process argument Lopez Rodriguez now raises, we conclude that he has done enough under our "liberal exhaustion policy" to raise his due process claim before us. *Joseph v. Att'y Gen.*, 465 F.3d 123, 126 (3d Cir. 2006).

and (3) an individualized determination of his [or her] interests." *Calderon-Rosas v. Att'y Gen.*, 957 F.3d 378, 384 (3d Cir. 2020) (alteration in original) (internal quotation marks and citation omitted). Each of these requirements was met here. Represented by counsel, Lopez Rodriguez presented testimony and legal arguments in support of an application for his desired relief, cancellation of removal. The IJ then evaluated the evidence and applicable law in a detailed nine-page opinion.

Pursuant to agency regulation, IJs must also "inform the alien of his or her apparent eligibility" for relief. 8 C.F.R. § 1240.11(a)(2). Lopez Rodriguez urges that the IJ failed this duty by misleading him to think he qualified for cancellation of removal and did not need to vigorously argue his eligibility or pursue other forms of relief, thus denying him of due process. In reviewing the transcripts from the master calendar hearing and merits hearing, we find no statements by the IJ that would mislead along the lines alleged by Lopez Rodriguez or even hint at the IJ's views on the merits of this case. Although the IJ admitted that his initial personal views on the applicability of the stop-time rule and Lopez Rodriguez's eligibility for relief were incorrect, he never disclosed those views to the parties at either hearing. Contrary to Lopez Rodriguez's argument, there was no mistaken "initial finding that he was in fact eligible" for cancellation of removal. Pet'r's Br. 17.

In any event, Lopez Rodriguez fails to identify any additional relief of which the IJ should have advised him. The only alternative remedy that Lopez Rodriguez even briefly mentions in his petition is voluntary departure in lieu of deportation under 8 U.S.C. § 1229C(a)(1), a form of relief committed to the discretion of the IJ. Critically,

6

we have held "there is no constitutional right to be informed of possible eligibility for discretionary relief," thus dooming Lopez Rodriguez's due process claim. *Bonhometre v. Gonzales*, 414 F.3d 442, 448 n.9 (3d Cir. 2005) (citing *United States v. Torres*, 383 F.3d 92, 105–06 (3d Cir. 2004)).

Further, Lopez Rodriguez fails to demonstrate that the IJ's alleged infraction had "the potential for affecting the outcome of [the] deportation proceedings," as required to show substantial prejudice. *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017) (alteration in original) (citation and emphasis omitted). Although it appears Lopez Rodriguez was eligible to seek voluntary departure before the conclusion of proceedings, he offers no reason why he would be entitled to this discretionary relief. He also fails to allege that he would have sought voluntary departure had the IJ advised him of it.[2] In fact, based on Lopez Rodriguez's arguments before the BIA, it appears he was aware of the option to pursue voluntary departure during his removal proceedings. Thus, to the extent the IJ had an obligation to inform Lopez Rodriguez about voluntary departure, Lopez Rodriguez has not shown any prejudice from the IJ's failure to advise him of this relief. *See Mema v. Gonzales*, 474 F.3d 412, 421 (7th Cir. 2007). We will therefore deny Lopez Rodriguez's petition with respect to his due process claim.

IV.

For the foregoing reasons, the petition for review will be dismissed in part and

---

[2] We note that pursuing pre-conclusion voluntary departure would have required Lopez Rodriguez to abandon his application for cancellation of removal at the outset of removal proceedings. *See* 8 C.F.R. § 1240.26(b); *Chavarria-Reyes v. Lynch*, 845 F.3d 275, 277–78 (7th Cir. 2016).

7

denied in part.